STATE of South Dakota, Plaintiff
and Appellee,

v.

Michael D. BENNETT, Defendant
and Appellant.

No. 13719.

Supreme Court of South Dakota.

Considered on Briefs Oct. 15, 1982.

Decided Nov. 24, 1982.

Mikal Hanson, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Joseph M. Butler of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for defendant and appellant.

DUNN, Justice.

This is an appeal from a conviction of second-degree manslaughter in violation of SDCL 22–16–20 and driving while under the influence of an alcoholic beverage (DWI) in violation of SDCL 32–23–1(2). Michael D. Bennett (appellant) appeals from that portion of the judgment which found him guilty of second-degree manslaughter. We affirm.

At approximately 1:00 in the afternoon on April 2, 1981, appellant rode with some friends from Spearfish, South Dakota, to Deadwood, South Dakota. After one of his friends finished some business, appellant and his friends had alcoholic drinks at several of the bars in Deadwood. Between 6:00 and 6:30 p.m., appellant met Earl Tennant (Tennant), an old high school friend, at one of the bars. After consuming several more drinks, appellant asked Tennant if he would give him a ride back to Spearfish so he could be to work tending bar by 9:00 p.m. Tennant agreed to give him a ride.

At approximately 8:00 p.m., the two left the bar they were in and stopped at another bar in Deadwood before departing for Spearfish. They each ordered a beer and started conversing with a young woman named Connie Fryer (Fryer), who was also sitting at the bar. After finishing about half of their beers, appellant and Tennant departed for Spearfish accompanied by Fryer.

As the three left the bar, Tennant asked appellant if he would like to drive and appellant agreed. Tennant sat in the passenger seat and Fryer sat between the passenger and driver's seats. Appellant drove out of Deadwood on Highway 85 heading for Spearfish. Tennant testified that appellant's driving became somewhat erratic about ten miles north of Deadwood. Soon after, according to Tennant's testimony, appellant allowed the right front tire to slip off the road onto the shoulder. It was Tennant's testimony that he told appellant to slow down at this point, which appellant did for a short while. Later, however, appellant again sped up and allowed the right

side of the car to slip off the highway onto the shoulder of the road. Apparently, in trying to pull the car back onto the highway, appellant lost control of the vehicle and it went into the ditch. Fryer was killed in the accident which followed.

Following the accident, a highway patrolman arrived on the scene. He noticed the smell of alcohol on appellant's breath and, after being told by Tennant that appellant was the driver of the vehicle, the patrolman arrested appellant for DWI. Appellant was later advised of the South Dakota Implied Consent Law at the hospital and ultimately agreed to submit to a blood test. An analysis of appellant's blood sample revealed a .17 percent blood alcohol content by weight.

Appellant implies that the accident was caused by the absence of three of the four lug bolts which would normally secure the left rear wheel of the vehicle. The absence of the lug bolts was first noticed after the accident occurred. Expert testimony introduced at trial, however, indicates that the lug bolts were in place and tight during the roll over of the car and thus could not have been the cause of the accident. Moreover, testimony by passenger Tennant indicated that, in his opinion, the cause of the accident was "[p]robably too much speed and the possibility of too much alcohol." At trial, the jury found appellant guilty of both second-degree manslaughter and driving under the influence of an alcoholic beverage.

The only issue raised by appellant is whether the trial court erred in giving jury instructions which related to the rules of the road without advising the jury of the distinction between "ordinary care" and "reckless conduct." We do not believe the failure to so advise is reversible error.

At the close of the trial, the trial court properly instructed the jury on the meaning of the term "reckless" under South Dakota law. Instruction Number 11, which defined "reckless," stated: •

The words "reckless" or "recklessly" as used in these instructions means a conscious and unjustifiable disregard of sub-stantial risk that the offender's conduct may cause a certain result or may be of a certain nature.

A person is reckless with respect to circumstances when he consciously and unjustifiably desregards [sic] a substantial risk that such circumstances exist.

The trial court further instructed the jury as follows:

*Instruction Number 13*

It is provided by statute of this State that the maximum speed limit on U.S. 85, within the State of South Dakota, at the time and place alleged in the information was 55 miles per hour.

*Instruction Number 14*

It is the duty of every operator of a vehicle using a public highway to exercise ordinary care at all times to avoid placing himself or others in danger and to exercise ordinary care at all times to avoid a collision.

*Instruction Number 15*

It is the duty of any person operating a motor vehicle upon a public highway of this state to keep such lookout for other vehicles, persons and the condition upon the highway as a reasonable prudent person would maintain under the same or similar circumstances, and to have the motor vehicle driven by him under such control that he can stop the same, or otherwise avoid an accident, within his range of vision, unless by reason of a condition or circumstance which could not have been reasonably anticipated by an ordinary prudent person in like position, he could not stop or otherwise avoid an accident.

Appellant contends it was error for the trial court to give these instructions without clearly pointing out the difference between "ordinary negligence" resulting from a violation of the rules of the road and "reckless conduct" which is necessary for the establishment of a manslaughter charge. In essence, appellant claims the jury could have been confused by these three instructions and could have concluded that it would be sufficient evidence to sup-

port a conviction of manslaughter if they found that appellant had simply violated one of the rules of the road.

In *State v. Hartman,* 256 N.W.2d 131 (S.D.1977), this court discussed the use of one of the instructions which is in dispute in the case at hand. There, appellant lost control of the vehicle he was driving and killed a young girl in the resulting crash. The trial court in that case gave a jury instruction identical to jury instruction Number 15 in the case at hand. On appeal, appellant maintained that use of the instruction was error because it was a civil instruction and something more was needed than simply operating a motor vehicle in a negligent manner.

The propriety of a negligence instruction in that case was clear, since negligence was one of the elements of the former SDCL 22-16-21.[1] This court stated:

> In a DWI-manslaughter trial, it is not error for the court to instruct the jury of the substance of a statutory "rule of the road" *if it is applicable to the facts of the case as developed by the evidence.*

*Id.,* at 136 (emphasis supplied) (citations omitted).

Appellant argues that *Hartman* is not applicable to the current second-degree manslaughter statute because negligence is no longer an element of the crime. Despite this statutory change, however, we do not believe it is error for a trial court to instruct on the rules of the road if it is justified by the facts of the case as developed by the evidence. We believe the facts

in this case warranted the instructions. Disputed instruction Number 13 dealt with the maximum speed limit. Appellant's own testimony at trial indicates he was traveling at 60–65 mph at the time of the accident. Disputed instruction Number 14 dealt with the driver's duty to exercise ordinary care. Evidence introduced at trial indicates appellant was driving under the influence, was warned by another passenger to slow down, and failed to heed the warnings. Disputed instruction Number 15 dealt with the driver's duty to be reasonably prudent in watching for road conditions. Evidence introduced at trial indicates that appellant had run onto the shoulder of the road prior to the accident. Appellant did not heed the instructions of one of the passengers to slow down and again went off the road and onto the shoulder; this time with tragic results. We believe the rules of the road were relevant to the facts in this case.

Finally, as to appellant's assertion that the negligence instructions were confusing, we note that in determining whether a jury instruction is misleading, the "[j]ury instructions are to be considered as a whole, and if the instructions when so read correctly state the law and inform the jury, they are sufficient." *State v. Poss,* 298 N.W.2d 80, 84 (S.D.1980) (citations omitted).

In *State v. Erickson,* 241 N.W.2d 854 (N.D.1976), the North Dakota Court likewise found that an instruction defining careless driving in a homicide case was not misleading.[2] In dismissing appellant's

---

1. Formerly, SDCL 22–16–21 read:

    Any person who, being under the influence of intoxicating liquor or narcotic drugs or a combination thereof without design to effect death, operates or drives a motor vehicle of any kind in a negligent manner and thereby causes a human being to be killed, is guilty of manslaughter in the second degree.

    Appellant was charged under SDCL 22–16–20. It reads:

    Any reckless killing of one human being by the act or procurement of another which, under the provisions of this chapter, is neither murder nor manslaughter in the first degree, nor excusable nor justifiable homicide, is manslaughter in the second degree. Manslaughter in the second degree is a Class 4 felony.

2. The disputed negligence instruction in that case read:

    It is unlawful for any person to drive a vehicle upon a highway carelessly and heedlessly in willful or wanton disregard of the rights or safety of others and without due caution and circumspection or to drive the vehicle at a speed or in a manner so as to endanger or be likely to endanger the life, limb or property of any person. He must drive the vehicle at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface, and width of the highway and in any other conditions then existing . . . .

claim, the North Dakota Supreme Court stated:

[T]aking the instructions as a whole, there is nothing that would be misleading to a jury in this language. The instruction is merely a statement of the law and helps to instruct the jury as to the rules of the road.

*Id.,* at 861.

We agree with the court's rationale in that case and conclude that, when taken as a whole, the instructions in this case were clear and not misleading. We affirm the holding.

All the Justices concur.