STATE of Missouri, Respondent,

v.

Leighton McMILLIAN, Appellant.

No. 40795.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 21, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 17, 1979.

Robert C. Babione, Public Defender, Linda Murphy, Asst. Public Defender, St. Louis, for appellant.

George A. Peach, Circuit Atty., James K. Steitz, St. Louis, John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Burglary second degree of commercial building.

The defendant was convicted by a jury of second degree burglary of a commercial building. The court assessed punishment at ten years under the Second Offender Act. Defendant appeals. We affirm.

■ Defendant first complains the court below erred by sustaining the state's motion *in limine* prohibiting defendant from introducing evidence as to his intoxication at the time he was found crouched behind a pillar in the building he allegedly burglarized. Defendant admitted that evidence of intoxication was not admissible to negate specific criminal intent. That is not in issue. *State v. Shipman*, 354 Mo. 265, 189 S.W.2d 273, 274 (1945). At the pre-trial conference defendant objected to the state's motion on the sole ground that evidence of intoxication was admissible to show defendant was guilty of trespass and not burglary second degree.

■ We glean from defendant's brief that evidence of his intoxication might have been argued to support a theory that he entered the building not to commit a felony but "to urinate, to lie down, to use a telephone," *i. e.* conduct more likely engaged in by an intoxicated person. Had he stated so in his offer of proof, perhaps this would be a logical exception from the rule stated in *Shipman, supra.* But he did not. Defendant's offer of proof was too vague and uncertain. Offers of proof must be specific and detailed enough to show admissibility *State v. Umfrees*, 433 S.W.2d 284, 286[1–2] (Mo.1968); *Kinzel v. West Park Investment Corporation*, 330 S.W.2d 792, 795–96[1–4] (Mo.1959).

■ Defendant next complains the court below erred in sentencing him under the Second Offender Act. He contends the state failed to prove his prior Illinois offense would have been a felony if committed in Missouri and thus he should not have been sentenced as a second offender.

The evidence showed defendant was convicted of larceny of an automobile and sentenced to one to four years in the Illinois Department of Corrections. The trial court found that the offense in the State of Illinois would be a felony offense in the State of Missouri. There is no question but that the finding of the trial court was correct. *See*, § 560.161, Subsection 2(2), RSMo Supp. 1975.

We hold that upon the introduction of the Illinois conviction, the trial court was then authorized to make the finding that the offense in Illinois would have been a felony offense in Missouri.

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.