STATE of South Dakota, Plaintiff and Appellee,

v.

Harold Clifford HIGH ELK, Defendant and Appellant.

No. 12981.

Supreme Court of South Dakota.

Submitted on Briefs Sept. 8, 1980.

Decided Oct. 29, 1980.

Curtis G. Wilson, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

Steven L. Jorgensen, Sioux Falls, for defendant and appellant; Ron J. Volesky, Legal Intern, Sioux Falls, on the brief.

HENDERSON, Justice.

## ACTION

Harold Clifford High Elk (appellant) was convicted by a Minnehaha County jury of first-degree rape. Appellant was sentenced to 26 years imprisonment for the rape conviction and on being a habitual criminal. On appeal, appellant contends the trial court erred in denying his motion for a mistrial due to a prejudiced jury and that he was denied equal protection of the law because he was not granted a preliminary hearing. We affirm.

## FACTS

Early in July 1979 appellant and his wife were living at the home of Blanche Big Eagle in Sioux Falls. Blanche Big Eagle is the mother of the victim, who was then age two. On July 11, 1979, appellant's wife and Ms. Big Eagle left the residence for 30–45 minutes, leaving appellant alone with the victim. After their return, Ms. Big Eagle changed the victim's diaper and put her to bed. Appellant's wife and Ms. Big Eagle spent the next few hours on the front porch of the house. During this time, appellant made three to four trips into the house alone. When Ms. Big Eagle checked the victim's diaper during the early morning hours of July 12, 1979, she discovered blood between the victim's legs.

The police were called and, upon arriving at Ms. Big Eagle's residence at approximately 3:00 a. m., observed the victim with blood stains in the area of her anus. Blood stains were also discovered on a front room chair, appellant's wrists and jeans, and on

the bed sheets taken from the bed the victim had been lying upon. The victim was hospitalized and it was subsequently determined that the tissue wall between her vagina and rectum had been lacerated by a blunt instrument.

At appellant's arraignment, a preliminary hearing was requested. The trial court granted the request and scheduled the hearing for July 19, 1979. On July 18, 1979, a Minnehaha County grand jury indicted appellant charging him with first-degree rape. Consequently, appellant's scheduled preliminary hearing was cancelled. Appellant again moved for a preliminary hearing on July 24, 1979, which was denied. Appellant was subsequently arraigned on the grand jury's indictment.

During the noon-hour on the day of the trial, a local television station broadcasted a statement regarding appellant's potential maximum sentence and prior felony convictions. This broadcast stemmed from comments made by the prosecuting attorney to a local news reporter. During this broadcast the jurors were recessed for lunch and allowed to leave the courthouse. Appellant moved for a mistrial due to a prejudicial jury when the trial court reconvened following the noon break. After collectively questioning the unsequestered jury, the trial court denied appellant's motion. Appellant contends the trial court erred in denying this motion.

## ISSUES

### I.

Did the trial court err in denying appellant's motion for a mistrial on grounds of a prejudiced jury? We hold that it did not.

### II.

Did the trial court err by not individually questioning the jurors regarding a televised broadcast during the trial which mentioned appellant's prior felony convictions and potential sentence? We hold that it did not.

### III.

Was appellant denied equal protection of the law because he was not afforded a preliminary hearing? We hold that he was not.

## DECISION

### I.

An actual showing of jury prejudice must exist to justify a granting of a mistrial. *State v. Shearer*, 86 S.D. 711, 201 N.W.2d 180 (1972); *State v. Williams*, 84 S.D. 547, 173 N.W.2d 889 (1970). Here, the trial judge asked the jurors collectively whether any of them had seen the broadcast. No juror indicated that he or she had. The trial judge was satisfied that no prejudice had been instilled in the jury due to the noon-hour broadcast. At the conclusion of the case, the jurors were instructed to base their decision solely on the evidence presented to them in court.

Appellant cites *Estes v. Texas*, 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965) as authority for his position. *Estes* involved a highly publicized trial where the pretrial publicity itself totalled eleven volumes of press clippings. Videotape equipment, in-court photography, and live radio and television coverage were also given to the hearings which preceded the trial. Twelve cameramen were in the courtroom televising these initial hearings. These facts obviously indicate an extreme likelihood for a prejudicial jury to exist. Here, the publicity was not a continual onslaught of prejudicial reportings but rather an isolated incident where all the jurors indicated to the trial judge that they had not seen the adverse publicity. We fail to see any prejudice to appellant under these facts.

### II.

Appellant also contends the trial judge erred by not individually questioning the jurors with respect to the broadcast. We have not had occasion to rule directly on this point, although it appears several jurisdictions do not require individual inter-

rogation of jurors absent some type of initial affirmative response to the trial court's collective questioning. *United States v. Perrotta*, 553 F.2d 247 (1st Cir. 1977); *Smith v. State*, 317 A.2d 20 (Del.1974); *People v. Marino*, 44 Ill.2d 562, 256 N.E.2d 770 (1970); *Lindsey v. State*, 295 N.E.2d 819 (Ind.1973); *Barber v. State*, 16 Md.App. 235, 295 A.2d 814 (1972); *State v. Howard,* 449 S.W.2d 662 (Mo.1970). The United States Supreme Court has stated: "The trial judge has a large discretion in ruling on the issue of prejudice resulting from the reading by jurors of news articles concerning the trial." *Marshall v. United States*, 360 U.S. 310, 312, 79 S.Ct. 1171, 1173, 3 L.Ed.2d 1250, 1252 (1959). *Marshall* indicated that each case must turn on its own special facts when deciding whether the trial judge properly insured against jury prejudice stemming from adverse publicity. Further, it appears appellant did not object at trial to the collective examination of the jurors. Such a timely objection is a necessary prerequisite for appellate review. *State v. O'Connor*, 265 N.W.2d 709 (S.D. 1978); *United States v. Word*, 519 F.2d 612 (8th Cir. 1975). We conclude that the trial court did not err by collectively questioning the jury.

### III.

Appellant contends he was denied equal protection of the law because an indictment does not afford him the same advantages (discovery devices) as does a preliminary hearing. SDCL 23A–4–3 provides in pertinent part:

> If the defendant does not waive the preliminary hearing, the committing magistrate shall schedule a preliminary hearing. . . . However, the preliminary hearing shall not be held if the defendant is indicted before the date set for the preliminary hearing.

In *State v. Reiman*, 284 N.W.2d 860, 865 (S.D.1979) we stated:

> South Dakota law provides that criminal actions may be commenced by indict-

ment, information and complaint.[1] The defendants complain that scheduled preliminary hearings were not held. While a defendant cannot be held on an information in this state unless there has been a preliminary hearing or the defendant has waived such a hearing, SDCL 23–36–1,[2] there is no similar requirement concerning indicted defendants. Once the grand jury has found probable cause, a preliminary hearing is not required. *State v. Serl*, 269 N.W.2d 785 (S.D.1978); 21 Am. Jur.2d Criminal Law § 442 (1965). The indictments here rendered defendants' requests for a preliminary hearing moot and were not violative of due process or equal protection rights. *State v. Mastrian*, 285 Minn. 51, 58, 171 N.W.2d 695, 701 (1969) cert. denied, 397 U.S. 1049, 90 S.Ct. 1381, 25 L.Ed.2d 662 (1970). See also, *State v. Franklin*, 163 N.W.2d 437 (Iowa 1968).

Appellant has cited no authority to rebut the principles this Court has so recently stated in *Reiman*. We hold that appellant's argument on this issue is without merit.

Finally, we do not condone the prosecutor's comments to the news media. See Code of Professional Responsibility, Disciplinary Rule 7--107(B)(1), SDCL 16–18 (App.). However, as we earlier expressed, the comments did not result in prejudicial error.

The judgment is affirmed.

All the Justices concur.

---

1. See SDCL 23A–8–1.

2. Now SDCL 23A–8–2(9).