STATE of South Dakota, Plaintiff
and Appellee,

v.

David GARRITSEN, Defendant
and Appellant.

No. 13083.

Supreme Court of South Dakota.

Considered on Briefs Nov. 5, 1980.

Decided April 1, 1981.

Mark V. Meierhenry, Atty. Gen., Pierre, Steven R. Binger, Deputy State's Atty., Minnehaha County, Sioux Falls, for plaintiff and appellee.

John M. Gridley III, Sioux Falls, for defendant and appellant.

PER CURIAM.

Appellant, David Garritsen, was convicted of one count of first degree rape and sentenced to twenty years in the penitentiary. We affirm.

Appellant was charged by complaint with two counts of first degree rape and one count of sexual contact with a child under the age of fifteen years. He was indicted on the same charges prior to the preliminary hearing. The trial court denied his subsequent motion for a preliminary hearing.

■ Appellant argues that the denial of a preliminary hearing to an indicted defendant is a denial of equal protection and due process. In *State v. High Elk*, 298 N.W.2d 87 (S.D.1980), we restated our conclusion in *State v. Reiman*, 284 N.W.2d 860, 865 (S.D.1979):

Once the grand jury has found probable cause, a preliminary hearing is not required. *State v. Serl*, 269 N.W.2d 785 (S.D.1978); 21 Am.Jur.2d Criminal Law § 442 (1965). The indictment here rendered defendants' requests for a preliminary hearing moot and were not violative of due process or equal protection rights. (citations omitted)

298 N.W.2d at 90.

The charges against appellant involved two stepsisters, R.H., age 12, and P.F., age 16. Both sisters testified that appellant alternately raped each of them several times on August 17, 1979. On that date, R.H. was suffering from venereal disease. Appellant was acquitted of first degree rape and sexual contact with a child under the age of fifteen years, the two counts relating to R.H. He was convicted of the first degree rape charge, relating to P.F.

P.F. testified that she and R.H. were raped during a three-hour period on the day in question. Appellant argues that the evidence of R.H.'s venereal disease was crucial to P.F.'s credibility because he and P.F. did not contract venereal disease. Appellant argues that the trial court denied his right of confrontation by granting the State's

motion in limine to prohibit any reference to R.H.'s venereal disease. The State argues that the evidence of venereal disease was properly excluded under SDCL 23A–22–15, SDCL 19–12–2, and SDCL 19–12–3, and, therefore, did not deprive appellant of any constitutional right. See *United States v. Kasto*, 584 F.2d 268 (8th Cir. 1978); *State v. Cramer*, 91 Wis.2d 553, 283 N.W.2d 625 (1979).

We are satisfied from our review of the record that the error, if any, in excluding the venereal disease evidence was harmless beyond a reasonable doubt. *State v. Davis*, 293 N.W.2d 885 (S.D.1980). First, appellant was acquitted of the charges relating to the carrier of the disease. Second, appellant admitted intercourse with P.F., but argued consent. Had appellant denied intercourse, the excluded evidence might have been relevant. Finally, if as appellant argues the precluded inquiry concerned only P.F.'s credibility, we are satisfied that he suffered no prejudice because it did not test the truth of any direct testimony. See *State v. Iron Thunder*, 272 N.W.2d 299 (1978).

The judgment is affirmed.