STATE of South Dakota, Plaintiff and Appellee,

v.

Willard Randolph TRIBITT, a/k/a Randy Tribitt, Defendant and Appellant.

No. 13671.

Supreme Court of South Dakota.

Considered on Briefs Sept. 7, 1982.

Decided Dec. 15, 1982.

---

Curtis G. Wilson, Asst. Atty. Gen., Mark V. Meierhenry, Atty. Gen., on brief, Pierre, for plaintiff and appellee.

Allen J. Eide of Gribbin, Burns & Eide, Watertown, for defendant and appellant.

HENDERSON, Justice.

### ACTION

This appeal stems from a jury verdict which found Willard Randolph Tribitt, a/k/a Randy Tribitt (appellant), guilty of grand theft by receiving or possessing stolen property. Judgment was accordingly entered and a four-year sentence was imposed. We affirm.

### FACTS

On April 5, 1981, it was discovered that four calves belonging to Jack Gibson were missing from a pasture in Deuel County, South Dakota. Tire tracks and cowboy boot tracks were discovered next to the pasture from which the calves disappeared. These tire tracks were irregular in that three of the tracks were standard tread and one was a snow tire tread. The possible theft was reported to the sheriff. Jack Gibson and his son, Greg Gibson, then visited some neighboring ranches to see what they could discover. One of the neighbors suggested that the Gibsons visit the appellant's ranch.

As the Gibsons drove into appellant's ranch, they promptly identified one of the missing calves. Jack Gibson talked briefly with appellant Randy Tribitt but not about the missing calves. As the Gibsons proceeded to leave appellant's ranch, they noticed a pickup truck, with three standard tread tires and one snow tire, parked on the ranch. The Gibsons then turned around and returned to confront appellant. Jack Gibson told appellant that he had spotted one of his calves, and asked for permission to search a barn for the remaining missing calves. Permission was granted. Before entering the barn, Greg Gibson described to appellant the color and sex of each of their

missing calves. Calves matching the description of the stolen calves were found in appellant's barn.

According to Jack Gibson, appellant stated that his friend, Steve Winter, used appellant's pickup to steal the calves and that he did not want the Gibsons to call the sheriff because he did not want himself or Winter to go to jail. Greg Gibson then called the sheriff to appellant's ranch. The pickup with the three standard tread tires and a single snow tire was identified as being appellant's. Based on all of these facts, appellant was arrested.

On the following day, April 6, 1981, a search warrant was issued for appellant's ranch and a search was conducted on appellant's ranch. During this search, the law enforcement officers discovered a pair of cowboy boots in the living room of appellant's house. The officers seized the boots. On August 28, 1981, a hearing was had pursuant to appellant's suppression motion. In relevant part, the motion to suppress reads: "Comes now Willard Randolph Tribitt, the Defendant in the above-entitled matter, and moves the court for an Order suppressing all evidence, oral or tangible, in connection with a pair of cowboy boots seized from Defendant's home on April 6, 1981, pursuant to a purported search warrant." On September 22, 1981, an order was entered denying the motion to suppress. The boots, however, were not introduced in evidence at trial.

Appellant took the witness stand during trial and denied any conversation with Jack Gibson concerning Steve Winter having stolen the calves or that he had requested the sheriff not be called. The State called Delbert Peterson, Special Agent of the Division of Criminal Investigation for the State of South Dakota, as a rebuttal witness.

Mr. Peterson testified that appellant had previously made an untrue statement to him. Mr. Peterson went on to state that in his opinion, appellant's truthfulness was doubtful. Defense counsel objected to Mr. Peterson's testimony based upon SDCL 19–14–10 which objections were overruled. Defense counsel then cross-examined Mr.

Peterson asking the witness if appellant had ever lied under oath. Mr. Peterson responded in the affirmative.

The case was submitted to the jury, a guilty verdict was returned and thereupon entered. Appellant was thereafter sentenced to four years imprisonment for grand theft by receiving or possessing stolen property.

### ISSUES

#### I.

WAS SDCL 19–14–10 (SPECIFIC CONDUCT BEARING ON CREDIBILITY OF WITNESS) VIOLATED AND IF SO, WAS THE VIOLATION PREJUDICIAL ERROR? YES, BUT WE HOLD THAT PREJUDICIAL ERROR DID NOT OCCUR.

#### II.

APPELLANT ATTACKS THE AFFIDAVIT FOR THE ISSUANCE OF A SEARCH WARRANT, THE PARTICULARITY OF THE SEARCH WARRANT, AND THE SEARCH ITSELF. WE FIND THESE ARGUMENTS TO BE WITHOUT MERIT.

### DECISION

#### I.

At trial, the following colloquy took place between the prosecutor and Mr. Peterson:

Q. And at that time did Randy Tribitt indicate to you that that was a truthful statement?

A. That's right, he did.

Q. In a subsequent time did you find out that that statement was not the truth?

MR. EIDE: Your Honor, may—

A. I did.

Appellant Tribitt contends this testimony was extrinsic evidence of his conduct which is violative of SDCL 19–14–10. We agree. Ample authority exists holding that FRE

608(b), the federal counterpart to SDCL 19–14–10, excludes extrinsic evidence of specific acts. *United States v. Powers,* 622 F.2d 317, 324 (8th Cir.1980), *cert. denied,* 449 U.S. 837, 101 S.Ct. 112, 66 L.Ed.2d 44 (1980); *United States v. Werbrouck,* 589 F.2d 273, 277–78 (7th Cir.1978), *cert. denied,* 440 U.S. 962, 99 S.Ct. 1507, 59 L.Ed. 2d 776 (1978).

■ However, the violative testimony herein was immediately superseded with the following exchange:

Q. Based on your conversation with Randy Tribitt and your observations of Mr. Randy Tribitt, do you have an opinion as to the truthfulness of statements made by Randy Tribitt?

A. I do.

Q. And what is that opinion?

A. My opinion is that his truthfulness is doubtful.

Opinions of a witness' untruthfulness are admissible into evidence pursuant to SDCL 19–14–9 which provides:

The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations:

(1) The evidence may refer only to character for truthfulness or untruthfulness, and

(2) Evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

*See also United States v. Simmons,* 444 F.Supp. 500 (Ed.Penn.1978), *aff'd,* 591 F. 2d 206 (3rd Cir.1979); *United States v. Herzberg,* 558 F.2d 1219 (5th Cir.1977), *cert. denied,* 434 U.S. 930, 98 S.Ct. 417, 54 L.Ed.2d 290 (1977).

■ Therefore, on the facts of this case, the error of admitting specific testimony that appellant was untruthful became harmless by the immediate introduction of admissible opinion testimony on the same point. Prejudicial error is that error which in all probability must have produced some effect upon the final result and affected rights of the party assigning it. *Matter of M.B.,* 288 N.W.2d 773 (S.D.1980); *Larson v. Locken,* 262 N.W.2d 752 (S.D.1978). If after hearing the testimony the jury believed appellant Tribitt was untruthful, the same result could have been reached under the admissible or the inadmissible testimony. Where inadmissible evidence admitted at trial is cumulative only and other admissible evidence supports the result, the cumulative evidence, though inadmissible, is nonprejudicial. *Matter of N.J.W.,* 273 N.W.2d 134 (S.D.1978); *Matter of D.T.,* 89 S.D. 590, 237 N.W.2d 166 (1975); *Alberts v. Mutual Service Casualty Insurance Co.,* 80 S.D. 303, 123 N.W.2d 96 (1963). This inadmissible testimony was an imperfection but did not preclude appellant from a fair trial.

II.

■ Appellant essentially complains that the search of his premises on April 6, 1981, was invalid. We note that the calves in question, discovered by the owner thereof on April 5, 1981, were not on appellant's property on April 6, 1981. The calves were not the subject of the motion to suppress nor was a motorcycle. Rather, the motion was limited to a pair of cowboy boots which were seized during a search of appellant's ranch home. Appellant's motion to suppress the boots was denied by the trial court. However, the fruits of the search, i.e., the cowboy boots, were never introduced at trial and thus were not used to implicate him in the crime. As set forth in Wharton's Criminal Evidence § 146 at 248 (1972), "no inference is drawn from the mere failure to produce evidence as contrasted with its suppression or destruction."

Even if appellant's contention was correct that the boots were illegally seized, his remedy would be a suppression of the boots from evidence. *Michigan v. Tucker,* 417 U.S. 433, 447, 94 S.Ct. 2357, 2365, 41 L.Ed.2d 182 (1974). Since the boots were not offered into evidence, the appellant has, in effect, enjoyed the result he pursues.

The conviction and judgment are affirmed.

All the Justices concur.