CIACCIO, Judge.
Defendant, Robert Lanier pled guilty to the crime of a theft of wallets, valued at $150.00, from the Rumor Corporation. R.S. 14:67. He was sentenced to serve on year in Parish Prison. This sentence was suspended and defendant was placed on one year active probation. Upon the State’s motion, this sentence was vacated, as illegal. The court thereafter sentenced the defendant to two years in Parish Prison and an additional six months, for contempt of court.[1] Therefore, the defendant was, found to be a multiple offender. The two year sentence was vacated and he was re-sentenced to serve three years at hard labor to run concurrently with the six month sentence imposed for contempt of court.
The defendant appeals his theft conviction. We affirm. However, we reverse the finding of the trial court that defendant was a multiple offender and vacate the sentence imposed on that conviction. We remand the case for resentencing.
At the multiple bill hearing the state introduced a copy of a bill of information which charged the defendant with “theft of property in violation of Arkansas Statute Annotated Sec. 41-2203” in that on or about October 8, 1982 the defendant did “unlawfully, feloniously, with the purpose of depriving the owner of its property, take unauthorized control over property of a value in excess of $100.00, such being the property of J.C. Penny Department Store, 300 South University, Little Rock, Arkansas.” The State also introduced the defendant’s Louisiana guilty plea to felony theft and a copy of his Arkansas guilty plea to theft, a copy of his fingerprints taken by the Louisiana law enforcement agency and by the Arkansas law enforcement agency, as well as a copy of the minute entries on the Arkansas theft case. An expert in fingerprint identification, Leland Comeaux, testified that there were 16 points of similarity in the left thumb print taken pursuant to the defendant’s theft charges in Louisiana and Arkansas and therefore he concluded that this defendant was the same person who was involved in both cases.
On the basis of this evidence the trial judge found Lanier to be a multiple offender.
The defendant contends that the trial court erred in finding that he was a multiple offender, in that the prior Arkansas conviction which formed the basis of the multiple offender bill would have been a misdemeanor if committed in Louisiana. Accordingly, he argues that this offense cannot be used as the basis for enhancement of his sentence. R.S. 15:529.1(A).
The Louisiana Habitual Offender Statute provides for enhanced punishment for any person who, “after having been convicted under the laws of any other state or of the United States ... of a crime which, if committed in this state would be a felony” is subsequently convicted of a felony within this state. La.R.S. 15:529.1(A). See: State v. Berndt, 416 So.2d 56 (1982); State v. *891 Jones, 408 So.2d 1285 (1982). A felony in Louisiana is any crime for which the offender may be sentenced to death or imprisonment at hard labor. R.S. 14:2(4).
The defendant’s Arkansas conviction for theft of property in excess of $100.00 was a violation of Arkansas Statute Annotated, Section 41-2203, which reads as follows:
41-2203. Theft of property.-(1) A person commits theft of property if he:
(a) knowingly takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of another person, with the purpose of depriving the owner thereof; or
(b) knowingly obtains the property of another person, by deception or by threat, with the purpose of depriving the owner thereof.
In Louisiana, theft of property valued in excess of $100 would be a violation of Louisiana Revised Statute Title 14 Section 67, which reads as follows:
Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential. (Emphasis Supplied)
aft * * * ⅝ jje
Thus, defendant argues that “theft” as defined by the Arkansas statute would not be “theft” as defined in Louisiana because the Arkansas statute does not mandate that the offender have the intent to permanently deprive the victim of the goods stolen. (Emphasis Supplied). Ark.Stat.Annot. Sec. 41-2203. La.R.S. 14:67.
In Arkansas, the statutory definition of “deprive” is: Ark.Stat.Ann. Sec. 41-2201(4):
(a) to withhold property or to cause it to be withheld either permanently or under circumstances such that a major portion of its economic value, use, or benefit is appropriated to the actor or lost to the owner; or
(b) to withhold property or to cause it to be withheld with the purpose to restore it only upon the payment of a reward or other compensation; or
(c) to dispose of property or use it or transfer any interest in it under circumstances that make its restoration unlikely-
In the Official Comments to this statute a further explanation is given:
Deprive:
As is the case with most former larceny offenses, the theft offenses defined in this chapter require a purpose to deprive the owner of property. Traditionally, larceny required an intent to permanently appropriate the property to the actor’s own use. As defined in subsection (4), “deprive” includes the notion of permanent appropriation, but it also encompasses three additional situations.
The first is where the actor did not intend that the property be permanently withheld from the owner, but did intend that the period of appropriation would constitute a major portion of the useful life of the property. For example, the man who borrows a tool that he plans to return as soon as it wears out intends to deprive the owner of the tool.
The second situation in which the actor intends to deprive is when he plans to return the property to the owner, but only after payment of a ransom, reward, or repurchase price. A deprivation under these circumstances has substantially the same pecuniary effect on the owner as a permanent deprivation.
The third situation, described in subsection (4)(c), applies to the person who temporarily takes money or other property, which he then uses under circumstances that subject it to a substantial risk of loss. An example is the bookkeeper who borrows funds from his employer to place a bet on what he considers a “sure thing.”
Additionally, the Official Comments to Arkansas Statute Annotated Sec. 41-2203 *892 recognizes that state’s liberal interpretation of the term “deprive.”
The Comments to Sec. 41-2203 provide in part:
Regardless of the fashion in which appropriation occurs, it must be accomplished with “the purpose to deprive the owner thereof.” Though this restates the common law larceny requirement that has long been followed in Arkansas, Fulton v. State, 13 Ark. 168 (1852), the definition of “deprive,” as explained in the commentary to Sec. 41-2201, has been considerably expanded and is now satisfied by something less than permanent deprivation.
In this case, the Arkansas bill of information filed against this defendant does not specify that he intended to permanently deprive the victim of the stolen goods nor is that a requirement of the statute under which he was charged. Additionally, the State did not prove this fact at the multiple bill hearing in Louisiana.
Because the Arkansas theft statute is substantively distinguishable from the Louisiana felony theft statute, we conclude that this Louisiana statute cannot be utilized in this case in order to determine whether the Arkansas offense, “if committed in this state would be a felony.” La. R.S. 15:529.1(A); La.R.S. 14:67; Ark.Stat. Ann. Sec. 41-2203.
Defendant argues that his Arkansas offense more properly meets the Louisiana definition of an unauthorized use of movables. La.R.S. 14:68. In Louisiana the unauthorized use of movables is defined as follows:
La.R.S. 14:68
Unauthorized use of a movable is the intentional taking or use of a movable which belongs to another, either without the other’s consent, or by means of fraudulent conduct, practices, or representations, but without any intention to deprive the other of the movable permanently. The fact that the movable so taken or used may be classified as an immovable, according to the law pertaining to civil matters, is immaterial.
Whoever commits the crime of unauthorized use of a movable having a value of one thousand dollars or less shall be fined not more than five hundred dollars, or imprisoned for not more than six months, or both. Whoever commits the crime of unauthorized use of a movable having a value in excess of one thousand dollars shall be fined not more than five thousand dollars, or imprisoned with or without hard labor for not more than three years, or both.
Moreover, it is noteworthy that Arkansas does not have a separate statute for the unauthorized use of movables. In Arkansas, the only statute that provides for the unauthorized use of a movable is the statute specifically designed for the offense of an unauthorized use of a motor vehicle. Ark.Stat.Ann. Sec. 41-2208. Thus, the unauthorized use of movables (other than a vehicle) would be covered by that state’s general theft statute, that being the statute under which this defendant was charged. Ark.Stat.Ann. Sec. 41-2203.
Accordingly, we agree with the defendant’s contention that his Arkansas violation is analogous to this state’s statute prohibiting the unauthorized use of movables. La.R.S. 14:68.
Thus, we look to the penalty provision of this statute to determine whether the defendant’s conviction would constitute a felony, such as would be required in order to find that this defendant was a multiple offender. La.R.S. 14:68; La.R.S. 15:529.1.
The penalty provision of the Louisiana’s statute prohibiting the unauthorized use of a movable provides for the following penalties:
La.R.S. 14:68:
$ ⅜ # * Jk *
Whoever commits the crime of unauthorized use of a movable having a value of one thousand dollars or less shall be fined not more than five hundred dollars, or imprisoned for not more than six months, or both. Whoever commits the *893 crime of unauthorized use of a movable having a value in excess of one thousand dollars shall be fined not more than five thousand dollars, or imprisoned with or without hard labor for not more than three years, or both.
In this case defendant’s theft was of property valued at $100 and thus, under the Louisiana statute, his offense would be subject to a fine of not more than $500.00 or imprisonment for not more than six months or both. Since his possible penalty did not include death or imprisonment at hard labor, this offense would not constitute a felony in Louisiana, but, rather, would have constituted a misdemeanor. La.R.S. 14:68; La.R.S. 14:2(4). This misdemeanor offense could not, therefore, form the basis for enhancement of the defendant’s sentence as a habitual offender. La. R.S. 15:529.1.
Accordingly, on the evidence presented, the trial judge erred in finding the defendant to be a multiple offender and in enhancing his sentence due to this finding.
Therefore, we affirm the defendant’s conviction, vacate his sentence and remand this case for resentencing in accordance with the opinion herein expressed.
Conviction Affirmed, Sentence Vacated, Case Remanded for Resentencing.
REDMANN, C.J., dissents in part.

. The contempt charge was imposed because the defendant lied to the court when, under oath, he told the court he had no prior criminal record; and, in fact, he had numerous arrests and convictions.