**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Vernon MOVES CAMP, Defendant and Appellant.**

No. 14855.

Supreme Court of South Dakota.

Considered on Briefs Sept. 12, 1985.

Decided Nov. 6, 1985.

Clair B. Ledbetter, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Richard Braithwaite of Braithwaite Law Offices, Sioux Falls, for defendant and appellant.

HENDERSON, Justice.

### PROCEDURAL HISTORY/FACTS

This is a criminal appeal from a judgment finding Vernon Moves Camp (defendant), guilty of escape and being a habitual offender. We affirm.

On August 3, 1983, defendant, while a prisoner of the South Dakota State Penitentiary, left the work program at the State Fairgrounds in Huron, without lawful authority. On April 9, 1984, an indictment was filed charging defendant with escape. SDCL 22–11A–1 and SDCL 22–11A–2. An initial appearance and arraignment was held on the escape charge on July 10 and 11, 1984. On this latter date, a Part II Information for Habitual Offender was also filed. At this time, defendant was informed of his constitutional rights, the nature of the charges, the penalties involved, and he was arraigned on the habitual offender information. Defendant, not his counsel, questioned how he could be charged with being a habitual offender if he had not yet been found guilty of escape. Thereupon, the trial court informed him that it would be meaningless if he was not found guilty of escape. Defendant entered a plea of not guilty to both charges and he requested jury trials on each. Defendant was not informed of his statutory right under SDCL 23A–7–7 to request a trial on the habitual offender charge before another jury. Defendant was represented by counsel.

On November 20, 1984, after trial before a jury, defendant was found guilty of escape. After returning its verdict, the jury was excused and dismissed. Thereafter, defendant renewed his request for a jury trial on the habitual offender offense. Defendant was informed of his rights to appeal but no proceedings in the form of a further arraignment on the habitual offender charge were held.

On December 11, 1984, defendant's jury trial on the habitual offender charge was held. A jury of twelve was empaneled but the voir dire selection of the jury was not requested by either counsel to be transcribed. Neither defense counsel nor the defendant objected to the jury panel and no objection was made. Four members of this jury also sat on the jury which found defendant guilty of escape. A jury selection sheet, in the record, does not reflect the exercise of any peremptory challenges or challenges for cause.

Through preliminary comments, instructions, and closing arguments of counsel, the jury was informed that the issue for their resolution was whether defendant was the same person who had been convicted on May 30, 1978, of first-degree robbery and aggravated assault. The jury returned and signed two of the four verdict forms submitted to them, which stated in relevant part: We the jury "find the Defendant guilty of the prior felony of aggravated assault on May 30, 1978," and we the jury "find the Defendant guilty of having previously been convicted of the offense of first degree robbery on May 30, 1978 ...."

Judgment of Conviction and Sentence was entered on December 13, 1984, finding defendant guilty of escape and being a habitual offender. Defendant was fined $15,000.00 and sentenced to serve fifteen years in the South Dakota State Penitentiary, said sentence to be served consecutively to previously imposed sentences. Defendant now appeals.

### DECISION

#### I.

WAS DEFENDANT'S ARRAIGNMENT ON THE HABITUAL OFFENDER CHARGE A NULLITY BECAUSE IT WAS HELD PRIOR TO HIS CONVICTION ON THE UNDERLYING CHARGE? IT WAS IRREGULAR, WE

WARN AGAINST IT AS A PRACTICE, BUT IT WAS NOT A NULLITY.

 Defendant contends that because he was not arraigned on the habitual offender charge *after* his escape conviction, SDCL 23A–7–7 has been violated and his habitual offender conviction must be set aside. SDCL 23A–7–7 provides:

> When an habitual offender information has been filed, *after a finding of guilty on the principal offense, an admission or denial shall be made* and, if necessary, an election on a jury trial shall be made on the habitual offender information. Any trial may be had to another jury, at the request of the defendant. (Emphasis supplied.)

This Court has held that the statutes providing for the enhancement of criminal penalties under the habitual offender act, SDCL ch. 22–7, must be strictly construed, *see Black v. Erickson,* 86 S.D. 86, 90, 191 N.W.2d 174, 176 (1971), and *Application of Abelt,* 82 S.D. 308, 312, 145 N.W.2d 435, 437 (1966). We believe such a strict construction is appropriate for SDCL 23A–7–7; however, the deviation here, although an irregularity, did not create a nullity of the arraignment. Strict construction and application of the habitual offender statutes does not lead to a reversal for every technical violation. This premature arraignment did not appear to have produced an effect upon the final result and did not affect, prejudicially, a right of defendant. *State v. Tribitt,* 327 N.W.2d 132, 135 (S.D.1982). An error which is harmless is not grounds for reversal, *see State v. Grooms,* 339 N.W.2d 318, 320–21 (S.D.1983), *rev'd in part on other grounds, State v. Waff,* 373 N.W.2d 18 (S.D.1985), and this is true of violations of SDCL 23A–7–7 as well.

In the present case, defendant was arraigned on the habitual offender charges prior to conviction on the underlying charge. At this arraignment, he waived the reading of the information; was informed of his constitutional rights; informed of the nature of the offense and the elements to be proved; informed of the burden of proof; informed of the possible penalties; informed of the consequences of a guilty plea; and informed that if he was not convicted of escape, the habitual offender charge would be meaningless. Defendant pleaded not guilty and requested jury trials. After conviction on the underlying offense, defendant, although not re-arraigned, again asserted his innocence and requested a jury trial on the habitual offender charge. Under these facts, we hold the failure to arraign defendant after the conviction of escape, did not constitute reversible error. It was an imperfection but did not preclude appellant from a fair trial. *Tribitt,* 327 N.W.2d at 135.

## II.

BY VIRTUE OF THE TRIAL COURT'S FAILURE TO INFORM DEFENDANT OF HIS STATUTORY RIGHT TO A TRIAL BEFORE ANOTHER JURY ON THE HABITUAL OFFENDER CHARGE, IS HIS CONVICTION THEREON VOID? WE HOLD IT IS NOT.

 As hereinbefore recited, SDCL 23A–7–7 provides in relevant part that "[a]ny trial may be had to another jury, at the request of the defendant." Defendant here contends that his arraignment was faulty because he was not informed of his statutory right to a trial before another jury on the habitual offender charge.

Defendants must be informed of their right to remain silent, their right to confront and cross-examine witnesses, their right to a jury trial in the county of the criminal act, and the nature and consequences of a guilty plea, in order for a waiver of those rights and a plea of guilty to be valid. *Nachtigall v. Erickson,* 85 S.D. 122, 128, 178 N.W.2d 198, 201 (1970); *State v. Sutton,* 317 N.W.2d 414, 415 (S.D. 1982). We perceive no violation of any "*Boykin* rights," *see Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The statutory right, upon a defendant's request, to a trial before another jury on the habitual charge, SDCL 23A–7–7, is not one of the constitutional rights which

must be canvassed with the defendant, nor do we interpret SDCL 23A–7–7 as statutorily mandating that trial courts so inform defendants of their statutory right to such a trial before another jury. There existed no fatal canvassing of vital rights and we reject defendant's contentions.

### III.
### WAS DEFENDANT DENIED HIS RIGHT TO A TRIAL ON THE HABITUAL OFFENDER CHARGE BEFORE ANOTHER JURY? WE HOLD HE WAS NOT.

■ Defendant asserts that because the jury which decided the habitual offender charge contained four persons who were also jurors on the escape charge, he was denied his statutory right under SDCL 23A–7–7 to a trial by another jury. We disagree.

SDCL 23A–7–7 permits trials on habitual offender charges to "be had to another jury, *at the request of the defendant.*" (Emphasis supplied.) Here, however, the record is devoid of any such request. Nor does the record evidence any objection to the four jurors or the exercise of any peremptory challenges or challenges for cause in regard thereto. Having failed to assert such a request or an objection to the jury members at the trial level, defendant cannot now be heard to complain. We fully appreciate defendant's argument that he did not waive this statutory right because he was not advised of said right. However, as hereinbefore reflected, defendant was not denied rights under *Nachtigall,* 178 N.W.2d 198, or *Boykin,* 395 U.S. 238, 89 S.Ct. 1709.

### IV.
### DID THE JURY FIND DEFENDANT TO BE THE SAME PERSON AS ALLEGED IN THE HABITUAL OFFENDER INFORMATION? WE HOLD THAT IT DID.

■ As outlined in the facts above, the jury signed and returned two guilty verdict forms which stated, in substance, that de-fendant was guilty of committing two prior felonies. Defendant contends that because the forms did not specifically state that he was the same person who had been previously convicted of aggravated assault and first-degree robbery, the jury did not decide the issue posed by the habitual offender information.

The sole issue in habitual offender cases is whether the defendant "is the same person as alleged in the habitual criminal information[,]" i.e., whether the defendant is the same person who was convicted of committing prior felonies. SDCL 22–7–12. In the present case, through preliminary comments of the trial court, instructions, and closing arguments of both counsel, the jury was informed of the single issue presented for their resolution, i.e., was the defendant, Vernon Moves Camp, the same person who was convicted of aggravated assault and first-degree robbery on May 30, 1978? In its instruction to the jury, the court stated that the State must prove "that the Defendant is the same identical person as described and named in each of such judgments alleged as former felony convictions beyond a reasonable doubt." The jury signed and returned two guilty forms which stated that defendant was "guilty of the prior felony of aggravated assault on May 30, 1978," and "guilty of having previously been convicted of the offense of first degree robbery on May 30, 1978 . . . ." The jury did not sign and return the two not guilty forms. Although the semantics of the forms could be more specific, we decide that the jury determined the essential issue against defendant. Defendant's arguments on this issue are technical and without merit.

Affirmed.

MORGAN, J., WUEST and HERTZ, Circuit Judges, Acting as Supreme Court Justices, and PATTERSON, Circuit Judge, concur.

PATTERSON, Circuit Judge, sitting for FOSHEIM, C.J., disqualified.