STATE of South Dakota, Plaintiff and Appellee,

v.

Share Dunn CLOTHIER, Defendant and Appellant.

No. 15058.

Supreme Court of South Dakota.

Argued March 17, 1986.

Decided July 16, 1986.

Jeffrey P. Hallem, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, and Dennis Groff, Pennington Co. State's Atty., Rapid City, on brief.

Leslie J. England, Rapid City, for defendant and appellant.

FOSHEIM, Chief Justice.

Share Clothier (Clothier) was convicted of Accessory to Manslaughter. She was also found to be an habitual offender. We affirm in part, reverse in part and remand.

Clothier is the wife of Guy Clothier who was convicted of first-degree manslaughter for the shooting of Mike Hawkins following a disturbance near Rapid City involving the Clothiers, Hawkins, and Hawkins' girlfriend, Muriel Riggins. Share Clothier's role in the crime included participation in the altercation prior to the killing and covering up the homicide. For further details of the episode, see *State v. Clothier*, 381 N.W.2d 253 (S.D.1986). This appeal raises issues which do not require further reference to the facts.

Clothier first contends that a 1982 Oklahoma conviction for possession of explosives was improperly used to enhance her principal offense and, thus, increase her penitentiary sentence. Her argument is founded on the difference in the intent required for conviction under each statute. The Oklahoma statute[1] requires "unlawful" intent. In South Dakota,[2] the requisite intent is "to injure, intimidate, or terrify any person, or with intent to wrongfully injure or destroy any property...."

Under SDCL § 22-7-7, "[t]he determination of whether a prior offense is a felony ... [is] whether it is a felony under the laws of this state or under the laws of the United States at the time of conviction of such prior offense." In *State v. Krana*, 272 N.W.2d 75, 80 (S.D.1978) this court further defined which foreign crimes may enhance punishment for a subsequent South Dakota conviction.[3] Under *Krana*, a crime committed in another state may be considered a felony for the purpose of enhancing punishment for the principal offense, if the minimal elements of the prior crime are substantially similar to the minimum elements of a crime in this state. *Id.* at 80.[4] Faced with prior convictions from

---

1. 21 Okla.Stat. § 1368, provides:
   Any person who has been convicted of a felony under the laws of this or any other state or the laws of the United States who, with an unlawful intent, is in possession of any explosives is guilty of a felony and, upon conviction, shall be punished by a fine of not to exceed Five Thousand Dollars ($5,000.00) or by imprisonment in the State Penitentiary for a term not to exceed ten (10) years, or by both such fine and imprisonment.

2. SDCL § 22-14A-6, provides:
   Any person who has in his possession any explosive or destructive device under circumstances not enumerated in § 22-14A-5, with intent to injure, intimidate, or terrify any person, or with intent to wrongfully injure or destroy any property is guilty of a Class 3 felony.

3. The *Krana* decision interpreted SDCL § 22-7-1 which is now restated within SDCL § 22-7-7. Each statute espouses the same general rule on the applicability of out-of-state convictions.

4. *See also Esters v. State*, 480 So.2d 615, 617 (Ala.Crim.App.1985); *State v. Lanier*, 477 So.2d 889, 890 (La.Ct.App.1985); *State v. Rinier*, 93 Wash.2d 309, 609 P.2d 1358, 1360 (1980); *State v. McMillian*, 587 S.W.2d 342, 343 (Mo.Ct. App.1979).

three other states, the court in *Krana* considered whether the degree of proof necessary for conviction of the crime in South Dakota was higher or whether the facts provided in the out-of-state indictment to which the defendant plead guilty would constitute a felony in South Dakota. When the facts which lead to the foreign conviction were not available,[5] the court compared the language of each state's statute and each state's respective interpretation thereof. *Id.* at 80–81.

■ Here, the Judgment on Plea of Guilty from Oklahoma provides no facts on which that conviction was based, so we must look to the language of the Oklahoma and South Dakota statutes. Following a detailed comparison, we cannot conclude that the minimum elements [6] are substantially similar. Acts can readily be conceived which violate the intent element of the Oklahoma provision but not the narrower intent element of the South Dakota statute. For example, if one possessing explosives intended to use them in trade for illegal drugs, he would possess an "unlawful intent," but not a mens rea violative of SDCL § 22–14A–6. The same would be true where a person possessing explosives simply intends to trespass upon land but without intent to cause damage. The Oklahoma statute, therefore, does not meet the statutory definition of SDCL § 22–7–7, or our holding in *Krana.* It follows that the trial court's use of the prior Oklahoma conviction for enhancement purposes was in error.

■ Clothier next challenges the trial court's denial of two motions for mistrial. During the trial on the principal offense, State's psychiatrist, when asked to explain an antisocial diagnosis of Clothier replied, "[It is o]ne who's at odds with society or the establishment. And there are other important factors in that that [*sic*] I believe that I'm not supposed to talk about." Following this statement, Clothier moved for a mistrial. Clothier did not consent to the trial court's offer to admonish the jury. A mistrial motion was then denied.

Clothier argues that this statement, coupled with prior character attacks, resulted in the opening and attacking of Clothier's character by innuendo, although the issue was not opened by her. She consequently maintains that denial of this mistrial motion was clearly prejudicial.

It is difficult to find prejudicial error in the trial court's denial of this mistrial motion. *See State v. Clabaugh,* 346 N.W.2d 448, 451 (S.D.1984); *see also State v. Dirk,* 364 N.W.2d 117, 124 (S.D.1985). The psychiatrist's statement was actually ambiguous and not conclusive.

■ Near the conclusion of the habitual offender trial, Clothier had an emotional outburst in the proximity of the court and jury rooms. A mistrial motion following this scene was also denied.

Clothier points out that the initial display was due to a migraine headache, of which the trial court was advised, that a scene occurred before the jury, and that she was placed next to the jury room during her "illness." Clothier consequently argues that denial of this mistrial motion was a clear abuse of discretion.

Trial courts must be alert not to allow the accused in a criminal trial to structure a self-serving scene as the basis for a mistrial. Otherwise a defendant, by orchestrating his own mistrial, could effectively prevent a completed trial. The outbursts here occurred during the habitual offender trial when the only unresolved issue was whether Clothier had a prior felony conviction. We are unable to find prejudicial

---

5. Some states decline to look beyond the face of the prior indictment to aid in determining whether the prior offenses would also make the defendant a felon in the forum state. *See People v. Gill,* 109 App.Div.2d 419, 420, 491 N.Y.S.2d 524, 525 (N.Y.App.Div.1985); *Dorsey,* 220 Cal. Rpt. at 151–52 (*quoting In re Finley,* 68 Cal.2d 389, 66 Cal.Rptr. 733, 438 P.2d 381 (1968)).

6. Clothier has not questioned on appeal the discrepancy between the convicted felon requirement of the Oklahoma statute and the "any person" element of the South Dakota statute since the latter is obviously broader than the former.

error in the trial court's denial of the second mistrial motion. *See State v. High Elk*, 298 N.W.2d 87, 89 (S.D.1980).

 Clothier's final argument is that her constitutional and statutorial rights to a fair and impartial jury were violated. She contends that her change of venue motions should have been granted and that a new jury should have heard and decided the habitual offender issue.[7]

A motion for continuance was granted and a sufficient time lag occurred between much of the pretrial publicity and the actual accessory trial. Additionally, the pretrial publicity, although expansive, was factual and not inflamatory or sensational. *State v. Reutter*, 374 N.W.2d 617, 628–29 (S.D.1985); *State v. Brandenburg*, 344 N.W.2d 702, 704 (S.D.1984); *State v. Reiman*, 284 N.W.2d 860, 867 (S.D.1979). Finally, Clothier has not provided a record upon which we can conclude that an impartial jury was not found in Pennington County. *See Reutter*, 374 N.W.2d at 629; *Brandenburg*, 344 N.W.2d at 704; *Reiman*, 284 N.W.2d at 867–68.

Affirmed in part, but reversed for re-sentencing in conformity with this decision, and remanded.

MORGAN, WUEST, and SABERS, JJ., concur.

HENDERSON, J., specially concurs.

HENDERSON, Justice (specially concurring).

Inasmuch as this Court is reversing the enhancement aspect of this case, it would not be necessary to address Clothier's contentions that she was entitled to "another jury" on the habitual offender charge. *See State v. Moves Camp*, 376 N.W.2d 567, 570 (S.D.1985). In *Moves Camp*, there was no record of any request for another jury. Here, there was. However, we are reversing the enhancement penalty (ten years), and thus we need not address the issue

foursquare. In my opinion, the South Dakota Supreme Court has never ruled on the precise issue of "another jury." It has, however, been addressed by the State of Michigan in *People v. Schram*, 98 Mich. App. 292, 302, 296 N.W.2d 840, 845 (1980).

---

7. SDCL § 23A–7–7 provides:
   When an habitual offender information has been filed, after a finding of guilty on the principal offense, an admission or denial shall be made and, if necessary, an election on a jury trial shall be made on the habitual offender information. Any trial may be had to another jury, at the request of the defendant.