STATE of South Dakota, Plaintiff
and Appellee,

v.

George Joe BARTLETT, Defendant
and Appellant.

No. 15525.

Supreme Court of South Dakota.

Considered on Briefs May 22, 1987.

Decided Aug. 26, 1987.

Craig M. Eichstadt, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Roger A. Tellinghuisen, Atty. Gen., Pierre, on the brief.

Catherine E. Mattson-Casteel of LaFleur, LaFleur & LaFleur, Rapid City, for defendant and appellant.

HENDERSON, Justice.

### PROCEDURAL HISTORY/ISSUES

Defendant-Appellant, George Joe Bartlett (Defendant), was charged with "Driving or Control of Vehicle While Under Influence of Alcohol (Third Offense)" (DWI). He was convicted, by enhancement procedure, of a Class Six felony, and appeals contending four areas of circuit court error.

(1) Insufficient evidence was presented at trial to support the verdict rendered and to establish that Defendant was the same person convicted of two previous DWI offenses.

(2) The circuit court abused its discretion in denying Defendant's motion for a different jury as to the former convictions trial.

(3) The circuit court abused its discretion in admitting certain copies of fingerprint cards during the former convictions trial.

(4) Proposed jury instructions and verdict forms relating to the former convictions trial were improperly denied.

We treat these issues seriatim. The circuit court is affirmed in all matters.

## FACTS

On March 22, 1986, at approximately 1:45 a.m., Defendant was stopped by Rapid City Police Officer Roach for driving without having his headlights turned on. Officer Roach smelled alcohol on Defendant's breath and had him perform field sobriety tests. Defendant performed less than satisfactorily and Officer Roach requested he take a blood test. A medical technologist extracted a blood sample and Dr. Looyenga, a chemist at the School of Mines, performed the analysis which revealed a .17 percent by weight in ethyl alcohol.

On March 25, 1986, Defendant was charged, by Complaint, with "Driving or Control of Vehicle While Under Influence of Alcohol (Third Offense) (Felony)" in violation of SDCL §§ 32–23–1(2) and 32–23–4. A Preliminary Hearing was conducted on April 25, 1986, and Defendant was bound over to the circuit court. Defendant's Arraignment was held on May 5, 1986, at which State filed an Information charging the DWI and a Part II Information alleging that Defendant's present charge constituted his third DWI offense. Defendant pleaded not guilty.

A Motions Hearing took place on June 10, 1986. Defendant moved for a bifurcated trial and a bifurcated jury on the DWI Parts I and II. Defendant's Motion for Bifurcated Trial was granted but his Motion for Bifurcated Juries was denied.

On July 28, 1986, a jury trial was held on the Part I Information, whereat Defendant was found guilty of DWI. On July 30, 1986, a jury trial on the Part II Information

was held wherein Defendant was found to be the same person who was convicted of the two prior DWI offenses listed in the Information. Judgment was entered on September 19, 1986. Defendant was sentenced to serve two years in the Penitentiary and he now appeals.

## DECISION

### I.

■ Defendant contends the evidence presented during both the DWI trial and the former convictions trial was insufficient to justify the verdicts returned. He urges us to set aside the verdicts and remand for new trials. We are unpersuaded by his advocacy.

Recently, in *State v. Davis,* 401 N.W.2d 721, 722–23 (S.D.1987), we elucidated on the scope of appellate review in cases challenging the sufficiency of evidence by writing:

In determining the sufficiency of the evidence on appeal in a criminal case the issue before this court is whether there is evidence in the record which, if believed by the jury, is sufficient to sustain a finding of guilt beyond a reasonable doubt. "[I]n making such a determination this Court will accept that evidence and the most reasonable inferences that can be fairly drawn therefrom, which will support the verdict." *State v. Dale,* 379 N.W.2d 811, 814 (S.D.1985); *State v. Faehnrich,* 359 N.W.2d 895 (S.D.1984); *State v. McCafferty,* 356 N.W.2d 159 (S.D.1984); *State v. Phinney,* 348 N.W.2d 466 (S.D.1984); *State v. West,* 344 N.W.2d 502 (S.D.1984); *State v. Jorgensen,* 333 N.W.2d 725 (S.D.1983). We will uphold the jury's verdict if the evidence and the reasonable inferences drawn therefrom sustain a rational theory of guilt. *Faehnrich, supra; McCafferty, supra.*

While Defendant did offer testimonial evidence that he consumed only part of a six-pack of beer before his arrest, the jury had the option to disbelieve that testimony. We note, by the jury trial transcript, he left a downtown Rapid City bar after midnight.

Likewise, Defendant's assertions that his blood alcohol content was below .10 percent were also put before the jury. Therefore, we uphold the jury's verdict of guilty in reference to the DWI conviction observing that the evidence and reasonable inferences drawn therefrom sustain a rational theory of guilt. *Davis*, 401 N.W.2d at 722–23.

▮ Regarding the former convictions trial, fingerprint forms were used to establish prior criminal history. Defendant alleges that these forms were not "under seal" as mandated by SDCL 22–7–11 and testimony linking the prints on the forms to Defendant was insufficient. In making his assertions, Defendant overlooks our language in *State v. King*, 383 N.W.2d 854, 856 (S.D.1986), stating:

> This court has previously held that prints taken by law enforcement officers and recorded on standard Division of Criminal Investigation forms are properly receivable into evidence as public records. *State v. Provost*, 266 N.W.2d 96 (S.D.1978). *See also State v. Grooms*, 359 N.W.2d 901 (S.D.1984).

Moreover, a fingerprint expert testified, in his opinion, the Defendant's known prints were made by the same person as the prints made by the person who was twice previously convicted of DWI. Once again, we refuse to overturn the jury's verdict as reasonable inferences drawn from the evidence sustain a rational theory of guilt. *See Davis*, 401 N.W.2d at 722–23, and authorities cited therein.

## II.

▮ Defendant secondly asserts that the circuit court abused its discretion when it denied his motion for a different jury for the former convictions trial. Defendant claims his voir dire examinations were hampered and the use of the same jury was unfair because the jury would likely harbor negative feelings toward him, having just found him guilty of a crime.

The legislature, by SDCL 32–23–4.4,[1] has mandated that in the area of DWI (SDCL ch. 32–23), a decision to impanel a new jury, for former conviction proceedings, is left to the circuit court's discretion.[2] We will reverse the court's decision only in the event of an abuse of discretion. *See People v. Schram*, 98 Mich.App. 292, 304, 296 N.W.2d 840, 845 (1980). *See State v. Hepburn*, 270 N.W.2d 629, 631–32 (Iowa 1978). *See also Spencer v. Texas*, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967). An abuse of discretion "refers to a discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence." *Gross v. Gross*, 355 N.W.2d 4, 7 (S.D.1984). There exists no abuse of discretion herein.

As noted in *State v. Moves Camp*, 376 N.W.2d 567, 570 (S.D.1985), the jury's singular task in these types of proceedings is to decide if the defendant was the same individual convicted of the crimes set forth in the information. We emphasize that the jury does not determine a defendant's guilt or innocence at these trials. Prior convictions are usually reflected in court records and requisite identification is grounded upon fingerprints and photographs. The Supreme Courts of Colorado and Indiana have held that a defendant's voir dire examinations are not prejudicially restrained by employing the same jury at the habitual-criminal phase. We agree with those courts that "[t]he potential for jury bias to translate itself into a verdict not based

---

1. SDCL 32–23–4.4 provides:

   On a finding of guilty on the first part of the information described in § 32–23–4.2 a plea shall be taken and, if necessary, an election made on the second part and a trial thereon proceeded with, and until such time no information as to the second part of the information shall be divulged to the jury. *If the accused shall have elected a jury trial in the second part of the information, such trial may be had to the same or another jury as the court may direct.* (Emphasis added.)

2. In other than DWI situations, SDCL 23A–7–7 should be consulted which provides:

   When an habitual offender information has been filed, after a finding of guilty on the principal offense, an admission or denial shall be made and, if necessary, an election on a jury trial shall be made on the habitual offender information. Any trial may be had to another jury, at the request of the defendant. *See State v. Moves Camp*, 376 N.W.2d 567,569 (S.D.1985). *See also State v. Clothier*, 391 N.W.2d 197,200 (S.D.1986) (Henderson, J., specially concurring).

upon the evidence is not great." *People ex rel. Faulk v. District Court*, 673 P.2d 998, 1002 (Colo.1983) (en banc) (quoting *Ross v. State*, 442 N.E.2d 981, 983 (Ind.1982)). Accordingly, as Defendant has failed to identify, specifically, how the circuit court abused its discretion in denying his motion for a different jury, we are compelled to affirm the court's decision.

### III.

■ Defendant thirdly contends the circuit court "erred as a matter of law" in admitting fingerprint forms into evidence at the former convictions trial. He argues that the fingerprint forms used by State to prove two prior DWI offenses lacked individual certification and attestation. Defendant concludes reversal of his conviction is mandated. We disagree.

Initially, we are cognizant that a general certification and attestation form *does* appear in the settled record and was, as per the circuit court's observations, attached to the fingerprint forms at issue. On that basis, the circuit court permitted the fingerprint forms to be admitted into evidence as it felt compliance with SDCL 22–7–11 was satisfied.[3]

■ For us to disturb the evidentiary rulings of the circuit court, we must determine that an abuse of discretion has occurred. *See State v. McNamara*, 325 N.W.2d 288, 291 (S.D.1982). *See also State v. Grooms*, 399 N.W.2d 358 (S.D.1987). Once again, an abuse of discretion "refers to a discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence." *Gross v. Gross*, 355 N.W.2d 4, 7 (S.D.1984).

We recently held that fingerprints "taken by law enforcement officers and recorded on standard Division of Criminal Investigation forms are properly receivable into evidence as public records." *State v. King*, 383 N.W.2d 854, 856 (S.D.1986) (citing *State v. Provost*, 266 N.W.2d 96 (S.D.1978); *State v. Grooms*, 359 N.W.2d 901 (S.D.

1984)). To require that each fingerprint form be individually certified and attested falls within the "supertechnical reading of the statute" we expressly disapproved of in *King*, 383 N.W.2d at 856. As the fingerprint forms were attached to a valid certification and attestation form, we hold that the circuit court did not abuse its discretion in admitting them.

### IV.

■ Defendant urges that the circuit court's refusal of proposed jury instructions and proposed verdict forms in the former convictions trial was an "abuse of discretion." We disagree.

Defendant's proposed instructions one and four list, separately, the January 12, 1982 conviction and the November 15, 1982 conviction and inform the jury that it must be proven, beyond a reasonable doubt, that the present defendant was the identical person convicted in each of those prior occasions. Defendant's first proposed verdict form applies to the January 12, 1982 conviction and requests that the jury indicate whether Defendant is, or is not, the same person convicted of the earlier crime. Defendant's second proposed verdict form is structured similarly to the first, but relates to the November 15, 1982 conviction.

The circuit court's instruction, number seventeen, does not precisely separate the two prior convictions, but instructs blanketly that it must be proven, beyond a reasonable doubt "that the Defendant is the same person as described in the alleged judgments of former convictions...." However, we observe the circuit court's jury instruction number one does separately list the January and November convictions and informs the jury of their function, to "determin[e] whether or not said defendant is the same identical person mentioned in the judgments of conviction alleged as prior convictions." The circuit court utilized one verdict form which requests that the jury

---

**3.** SDCL 22–7–11, in pertinent part, provides:

An official court record under seal or a criminal history together with fingerprints certified by the public official having custody thereof will be sufficient to be admitted in evidence without further foundation to prove the allegation that the defendant is an habitual criminal.

indicate, by checking the appropriate space, whether Defendant is, or is not, "the same person who was convicted of the *offenses* as found in the Supplemental Information." (Emphasis added.)

The circuit court is infused with broad discretion in instructing the jury and "[i]t is sufficient if the judge's instructions to the jury include the elements of the crime charged." *State v. Blakey*, 399 N.W.2d 317,320 (S.D.1987) (citing *Cahill v. People*, 111 Colo. 29, 38, 137 P.2d 673, 673 (1943)). Reversal is warranted only if Defendant is successful in showing circuit court error of such proportions that "the jury might and probably would have returned a different verdict if [his] instruction had been given." *State v. Grey Owl*, 295 N.W.2d 748,751 (S.D.1980), *appeal after remand*, 316 N.W.2d 801 (S.D.1982). *See State v. Bittner*, 359 N.W.2d 121,125 (S.D.1984); *State v. Feyereisen*, 343 N.W.2d 384,387 (S.D. 1984).

We note that the circuit court's jury instructions differ from Defendant's only in form; substantively, they are identical. Additionally, jury instruction number one is very similar to the one we reviewed in *State v. Moves Camp*, 376 N.W.2d 567,570 (S.D.1985). Thus, we are unable to hold that the circuit court abused its discretion and Defendant was prejudiced.

Regarding the verdict forms, Defendant's proposed form and the form actually used are substantially similar. This Court has previously refused to be dissuaded by counsel's arguments centering on mere "technical" or "semantic" differences in verdict forms. *See Moves Camp*, 376 N.W.2d at 570. In this case, the verdict form used, although not as precise as it could have been, was sufficiently clear to accomplish the task for which it was designed. The jury could either find that Defendant was, or was not, the same person convicted of the two earlier DWI offenses. We specifically note that the word *offenses* was used, informing the jury that Defendant must be identified as the identical person convicted of DWI on January 12, 1982 and November 15, 1982.

Affirmed in all respects.

MORGAN, SABERS and MILLER, JJ., concur.

WUEST, C.J., disqualified.