**STATE of South Dakota, Plaintiff and Appellant,**

v.

**Donna Rae CONNER, Defendant and Appellee.**

No. 16781.

Supreme Court of South Dakota.

Submitted on Briefs Feb. 13, 1990.

Decided April 4, 1990.

Mark Smith, Asst. Atty. Gen., Pierre, for plaintiff and appellant; Roger A. Tellinghuisen, Atty. Gen., Pierre, on the brief.

James R. Minick, Elk Point, for defendant and appellee.

HENDERSON, Justice.

## PROCEDURAL HISTORY

On June 15, 1989, Donna Rae Conner (Conner) was charged by complaint with one count of unauthorized possession of a controlled substance (Methamphetamine), in violation of SDCL 22–42–5 and one count of possession of a controlled substance (Methamphetamine) with intent to distribute, in violation of SDCL 22–42–5.

A preliminary hearing was scheduled for August 3, 1989. Instead of hearing evidence, the magistrate made a record of her refusal to allow an affidavit. This affidavit resulted from an analysis performed by the State Health Laboratory. The affidavit was offered for admission into evidence without the presence of the analyst, who performed the test, at the preliminary hearing. As a result, the complaint was dismissed.

## ISSUE

Did the trial court err when it refused, at the preliminary hearing, to receive into evidence an affidavit from the State Health Laboratory concerning the analysis of substances discovered during a search of Conner's residence?

We hold that it did and, accordingly, reverse.

## FACTS

Officer Dan Knight of the North Sioux City Police Department performed a search of Conner's residence. During the search, Officer Knight found what he believed to be a controlled substance. Officer Knight took the substances into his possession and then forwarded them to the State Health Laboratory in Pierre, South Dakota. After Officer Knight testified, the State intended to offer as evidence the Affidavit of Roger Mathison of the State Health Laboratory. The affidavit of Roger Mathison would set forth his findings as to the analysis of the substances submitted by Officer Knight. Officer Knight was present and ready to testify at the preliminary hearing. Roger Mathison was not present for the preliminary hearing.

## DECISION

*The magistrate court erred when it ruled at the preliminary hearing that the affidavit from the State Health Laboratory was inadmissible as evidence unless the affiant was present.*

The State's assignment of error deals with an evidentiary matter requiring an interpretation of SDCL 1–49–6 which provides:

> A copy of the results of any examination or analysis of any product or article by the director of laboratories duly authenticated by the analyst, is prima facie evidence in all courts of the matter and facts therein contained.

and an interpretation of SDCL 23–3–19.3 which provides:

> A copy of a statement of the methods and findings of any examination or analysis conducted by employees of the state forensic laboratory, authenticated under oath by the employee, is prima facie evidence in all grand jury and court proceedings in the state of South Dakota of the facts contained therein reciting the methods and findings.
>
> The statement has the same force and effect as if the person who performed the analysis or examination had testified in person. *An accused person or the accused's attorney may request that the*

*person in the state forensic laboratory who conducted the examination testify in person at a criminal trial concerning the examination or analysis.*

 We agree with Magistrate Cody that because of *State v. Oakie,* 311 N.W.2d 45 (S.D.1981), the rules of evidence must apply at the preliminary hearing. Therefore, initially, it must be conceded that the report prepared by the State Health Laboratory was hearsay evidence which, unless exempted by the statutes under review, was inadmissible to prove the substance in Conner's possession was Methamphetamine. SDCL 19–16–12 (Rule 803(8)).

 However, the magistrate's decision apparently discounts the fact that SDCL 1–49–6 and SDCL 23–3–19.3 are rules of evidence, allowing an affidavit from the State Health Laboratory to be admitted into evidence. This affidavit has the same force and effect as if the person who conducted the analysis had testified in person, according to the statute. SDCL 23–3–19.3; SDCL 1–49–9. We are not advancing the elimination of the application of the Rules of Evidence. Our position is that the provisions of SDCL 1–49–6 and SDCL 23–3–19.3 are simply rules dealing specifically with the admissibility of reports of analytical tests performed by the State Health Laboratory.

 Conner argues that it would have been a violation of her constitutional right to confrontation and cross-examination of witnesses against her if the affidavit was admitted. However, according to *Oakie,* "Preliminary hearings are not trials, nor are they constitutionally guaranteed." In practice, her rights would be fully protected if, in fact, this case goes to trial. The last sentence of SDCL 23–3–19.3 reads: "An accused person or the accused's attorney may request that the person in the state forensic laboratory who conducted the examination testify in person *at a criminal trial* concerning the examination or analysis." (Emphasis supplied). The difference between the treatment of the affidavit of the State Health Laboratory at the preliminary hearing and the jury trial is consistent with inherent differences between preliminary hearings and jury trials.

Reversed.

All the Justices concur.