STATE of South Dakota, Plaintiff and Appellee,

v.

Pierce OAKIE (#13273), Arlene Oakie (#13271), and Vernon Merritt (#13272), Defendants and Appellants.

Nos. 13271–13273.

Supreme Court of South Dakota.

Considered On Briefs Aug. 11, 1981.

Decided Oct. 14, 1981.

Mark Smith, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

Lee A. Tappe of Tappe & Vavra, Platte, for defendants and appellants.

MORGAN, Justice.

On the evening of March 11, 1980, a coca-cola pop machine was taken from the Outlaw Standard Station at Lake Andes, South Dakota. After an investigation by the sheriff's office and the Bureau of Indian Affairs, appellants were arrested for grand larceny. A preliminary hearing was convened before a magistrate. Appellants were bound over for trial on charges of grand larceny. Appellants made timely objections to the evidence on replacement cost at preliminary hearing and moved to set aside the information or dismiss for lack of probable cause. The magistrate overruled the objections and the trial court denied both motions. At trial the jury returned a verdict convicting appellants of the crime charged. This appeal concerns only the preliminary hearing and the ensuing information upon which appellants were arraigned, tried and convicted. We affirm.

The issue raised at the preliminary hearing regarded the value of the stolen machine. The owner testified that a new machine of similar quality, make and size would cost $1,196.00. He did not know the purchase price nor the exact age of the machine. Appellants made timely objection to this evidence as incompetent and irrelevant, citing our decision in State v. Jacquith, 272 N.W.2d 90 (S.D.1978). The magistrate overruled these objections.

■ At a preliminary hearing the State must introduce evidence tending to show that there is probable cause that an offense has been committed and that the defendant committed it. SDCL 23A–4–6. Although this South Dakota rule is patterned after the Federal Rules of Criminal Procedure, Fed.R.Crim.Proc. 5.1(a), an important difference exists. The federal rule provides that a finding of probable cause may be based on hearsay evidence "in whole or in part." The South Dakota rule, however, provides that, "the rules of evidence shall apply except that an objection to the evidence on the ground that it was

acquired by unlawful means is not properly made at the preliminary hearing." SDCL 23A–4–6. The South Dakota rule is consistent with the holdings of most state courts that the rules of evidence apply to preliminary hearings. The sufficiency of the evidence, however, is subject to a lower burden of persuasion. State v. Essman, 98 Ariz. 228, 403 P.2d 540, 543 (1965); People v. Washington, 84 Mich.App. 750, 752, 270 N.W.2d 511, 512 (1978); Goldsmith v. Sheriff of Lyon County, 85 Nev. 295, 303, 454 P.2d 86, 92 (1967); State v. Mitchell, 42 Ohio St.2d 447, 329 N.E.2d 682, 684 (1975); Mitchell v. State, 84 Wis.2d 325, 267 N.W.2d 349, 352–3 (1978).

Grand larceny requires theft of property valued at greater than $200.00. SDCL 22–30A–17. In Jacquith, 272 N.W.2d at 92, this court held that the measure of value at trial for prosecution of grand larceny is the fair market value, but, if a market does not exist, replacement cost less depreciation will suffice. Here, evidence was adduced at trial that the machine had a market value of between $650.00 and $700.00, so, we need not discuss the alternative proof referred to in Jacquith. At the preliminary hearing the prosecutor simply failed to have the witness on hand to testify to market value. In Jacquith we reviewed the jury instructions given to the triers of the fact where proof beyond a reasonable doubt was required. Here, we deal with a preliminary hearing with a far lesser degree of proof.

■ The magistrate has responsibility to resolve all questions of competency, relevancy, privilege and the applicability of rules of evidence. SDCL 19–9–7. Preliminary hearings are not trials, State v. Fahey, 275 N.W.2d 870 (S.D.1979), nor are they constitutionally guaranteed. State v. Heisinger, 252 N.W.2d 899 (S.D.1977). In preliminary hearings the magistrate's discretion is increased, in part, because the burden of persuasion is light. People v. Washington, 270 N.W.2d at 512; State v. St. Arnault, 114 N.H. 216, 217, 317 A.2d 789, 790 (1974); See People v. Quinn, 183 Colo. 245, 249, 516 P.2d 420, 422 (1973); Delay v. Brainard, 182 Neb. 509, 156 N.W.2d 14

(1968). This discretion extends to judicial notice which is particularly important in assisting the judge to form hypothesis justifying the admission of evidence. Weinstein & Berger, Weinstein's Evidence, § 200[05] at 200–24. The determination of relevancy is the most important and common way the court takes judicial notice in adjudicative fact findings. *Id.*, at 200–24. Although *Jacquith* requires a condition precedent to introduction of replacement value evidence, based on the evidence presented at the preliminary hearing and its reasonable inferences, evidence of replacement value would aid in determining whether a fair market value in excess of $200.00 was more or less probable.

Here, the evidence at preliminary hearing indicated that approximately $90.00 in cash and pop was taken; that the machine which had been purchased more than three and one-half years earlier was in working order; and that a new machine of similar make and quality costs $1,196.00. Given the lower degree of proof necessary at preliminary hearings, we hold that the magistrate could reasonably have inferred that the machine retained a market value of more than $110.00 and appellants were properly bound over. We affirm their convictions.

All the Justices concur.