**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Dennis W. WEST, Defendant and Appellant.**

**No. 14131.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 19, 1984.

Decided Feb. 22, 1984.

Douglas E. Kludt, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

David L. Braun of Gors & Braun, Pierre, for defendant and appellant.

DUNN, Justice.

This is an appeal from a judgment of conviction for grand theft and burglary, pursuant to SDCL 22–30A–1 and 22–32–8. We affirm.

During a period from January 19, 1982, to March 2, 1982, several residents of Pierre, South Dakota, discovered that items of their property had been stolen. The property included a shotgun taken from an apartment complex, a rifle taken from a pickup truck, a saddle and other items taken from a granary, and a television and other items taken from a trailer house. Appellant, Dennis W. West (West), became a suspect in each of the incidents.

On March 14, 1982, Hughes County Deputy Sheriff Charles Vollmer, along with Pierre Police Officer Greg Swanson, questioned West about the incidents. The officers gave West a *Miranda* warning and West signed a form waiving his rights. During the course of the questioning, West confessed to the crimes. Later, West filed a motion to suppress the confession; the motion was denied by the trial court.

At trial, West admitted his involvement in the various crimes, but raised the defense of extreme intoxication. The jury found West guilty of two counts of third-degree burglary and three counts of grand theft and he was sentenced to twenty-one years in the state penitentiary.

West raises three issues on appeal. His first contention is that the trial court failed to adequately instruct the jury regarding the specific intent elements of grand theft and burglary. In particular, West complains that instruction 19 fails to differentiate between the intent elements of the two crimes and that it is ambiguous, misleading, and a misstatement of the law. Instruction 19 stated:

In crimes such as that of which the defendant is charged in each Count of the information, there must exist a union or joint operation of act or conduct and a certain intent.

In each Count the defendant must have the specific intent to commit the crime of theft. In the crime of theft there must exist in the mind of the perpetrator the specific intent to deprive the owner of the property allegedly stolen, and unless such intent so exists that crime is not committed.

To "deprive" is to take or to withhold property of another or to dispose of property of another so as to make it unlikely that the owner will receive it.

However, counsel for West did not object to this instruction at trial. When an appellant fails to object to instructions offered below, he fails to preserve an error for appeal. *State v. White Mountain*, 332 N.W.2d 726 (S.D.1983); *State v. Ellefson*, 287 N.W.2d 493 (S.D.1980); SDCL 15–6–51(b).

■ West asserts, nevertheless, that error is preserved because instructions that misstate the law constitute plain error.* We have recognized the plain error rule, but only in exceptional cases, and then it must be applied cautiously. The rule does not encompass every error that occurs at trial, but only those errors which are both obvious and substantial. *State v. Dace*, 333 N.W.2d 812 (S.D.1983); *State v. Brammer*, 304 N.W.2d 111 (S.D.1981).

■ We do not believe that the claim set forth by West in this case rises to the level of plain error. Although instruction 19 could have been drafted in a clearer fashion, it is not a glaring misstatement of the law when read in its entirety. Moreover, our review of all the instructions, especially numbers 7, 8, 9, 12, 16, 17, and 18, convinces us that they correctly state the specific intent elements of both grand theft and burglary. Jury instructions are to be considered as a whole, and if the instructions when so read correctly state the law and

inform the jury, they are sufficient. *State v. Fox*, 313 N.W.2d 38 (S.D.1981).

We turn next to West's claim that his constitutional rights were violated by the admission at his trial of incriminating statements and confessions made by him to the law officers. Even though he was given a *Miranda* warning and he waived his rights, West claims to have been under the influence of alcohol and drugs at the time, thus making the waiver involuntary.

■ A defendant can waive his privilege against self-incrimination and the rights that go along with it, provided that the waiver is made voluntarily, knowingly, and intelligently. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). To determine whether the waiver was made voluntarily, knowingly, and intelligently, we must look to the particular facts and circumstances surrounding the case, including the background, experience, and conduct of the accused. *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); *State v. Hartley*, 326 N.W.2d 226 (S.D.1982). The State has a heavy burden of demonstrating beyond a reasonable doubt that a defendant voluntarily and knowingly waived his rights, and the courts must indulge in every reasonable presumption against waiver. *Brewer v. Williams*, 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977); *State v. Cody*, 293 N.W.2d 440 (S.D.1980).

■ At the suppression hearing, West claimed to have been under the influence of alcohol and drugs when he was questioned. He stated that he had had a beer and "smoked a couple of joints" on his way home that evening; then he took a shower before Deputy Vollmer picked him up for questioning. Both Deputy Vollmer and Officer Swanson testified that West did not appear to be under the influence of either alcohol or drugs at the time; West was coherent and did not slur his words. Based upon our review of this evidence, we must conclude the trial court was not clearly

---

* SDCL 23A–44–15 states: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of a court."

erroneous in finding that all the facts and circumstances indicate West voluntarily, knowingly, and intelligently waived his rights before making the statements.

West's final claim is that the State failed to produce sufficient evidence to prove beyond a reasonable doubt that he had the requisite specific intent to commit the crimes of burglary and theft. West maintains he was so intoxicated at the time of the crimes that he had no control over his actions.

In determining the sufficiency of evidence on appeal, the question presented is whether or not there is evidence in the record which, if believed by the jury, is sufficient to sustain a finding of guilt beyond a reasonable doubt. In making such a determination, this court will accept that evidence, and the most favorable inferences that can be fairly drawn therefrom, which will support the verdict. *State v. Jorgensen*, 333 N.W.2d 725 (S.D.1983); *State v. Moeller*, 298 N.W.2d 93 (S.D.1980).

We note that West not only admitted his involvement in the various burglaries and thefts, he also stated at trial that he did the acts because he needed money for liquor; he said he remembered taking the items; he said he knew the items were not his and that taking them was wrong; and he remembered selling the items at a later time. In sum, West's own admissions were sufficient to show that his acts were conscious attempts to deprive others of their property; such evidence is sufficient to show the requisite intent to commit the crimes. The fact that West stole the most salable items, such as a television, tools, guns, etc., also indicates his criminal intent.

The judgment of conviction is affirmed.

All the Justices concur.

