STATE of South Dakota, Plaintiff and Appellee,

v.

Malcolm HANDY a/k/a Sam Handy, Defendant and Appellant.

No. 16535.

Supreme Court of South Dakota.

Considered on Briefs Nov. 27, 1989.

Decided Jan. 17, 1990.

Karen Cremer, Asst. Atty. Gen., Pierre, for plaintiff and appellee, Roger A. Tellinghuisen, Atty. Gen., Pierre, on brief.

Wayne D. Groe of Stickney & Groe, Elk Point, for defendant and appellant.

MILLER, Justice.

In this appeal we affirm convictions on three counts of sexual contact with a child under the age of sixteen.

Defendant/appellant Malcolm Handy (Handy) was charged and convicted of having sexual contact [1] with three young girls. K.R. (age fourteen) testified that Handy

---

1. By SDCL 22–22–7.1, "sexual contact" is defined as "any touching, not amounting to rape, of the breasts of a female or the genitalia or anus of any person with the intent to arouse or gratify the sexual desire of either party."

touched her breasts and vagina through her clothes about ten times; C.C.'s (age fourteen) testimony was that Handy "grabbed my boob" and told her "I see what I like and I'll touch it if I want" (he also told her that if she were not related he would get her to sleep with him); C.R.'s (age eleven) testimony was that Handy put his finger down inside her underwear and that it hurt her.

 On appeal, Handy argues that the evidence was insufficient to support the convictions (principally asserting lack of proof of the specific intent to arouse or gratify anyone's sexual desires, coupled with his diminished capacity due to consumption of alcohol) and that he was denied due process by virtue of the trial court's denial of his motion for new trial grounded on (a) newly discovered evidence and (b) prosecutorial misconduct.

We have considered all of Handy's arguments and find them to be totally lacking in substance or merit. We conclude that the evidence was sufficient to establish the requisite intent. *State v. Bartlett*, 411 N.W.2d 411 (S.D.1987); *State v. Schnaidt*, 410 N.W.2d 539 (S.D.1987); *State v. Farmer*, 407 N.W.2d 821 (S.D.1987); *State v. Halverson*, 394 N.W.2d 886 (S.D.1986); *State v. Bittner*, 359 N.W.2d 121 (S.D. 1984); *State v. Swallow*, 350 N.W.2d 606 (S.D.1984); *State v. Blakey*, 332 N.W.2d 729 (S.D.1983); *State v. Kills Small*, 269 N.W.2d 771 (S.D.1978); *State v. Peck*, 82 S.D. 561, 150 N.W.2d 725 (1967).

We further hold that the trial court did not abuse its discretion in denying the motion for new trial on the grounds of newly discovered evidence because (a) there was, in reality, no "newly discovered evidence" (*see Enchanted World Doll Museum v. Buskohl*, 398 N.W.2d 149 (S.D.1986); *Johnson v. Olson*, 71 S.D. 486, 26 N.W.2d 132 (1947); *Sigurdson v. Isanti County*, 408 N.W.2d 654 (Minn.App.1987)) and (b) Handy's trial counsel could have raised the issue at trial, *see also Mayrose v. Fendrich*, 347 N.W.2d 585 (S.D.1984) and *Weaver v. Boortz*, 301 N.W.2d 673 (S.D.1981).

 Lastly, we hold that the new trial motion grounded on prosecutorial miscon-

duct was properly denied because (a) there was no prosecutorial misconduct (*State v. Dace*, 333 N.W.2d 812 (S.D.1983) and *State v. Kidd*, 286 N.W.2d 120 (S.D.1979)), and (b) Handy did not properly preserve the issue for appeal in that he did not make a timely or appropriate objection at the time of the claimed misconduct. *United States v. Splain*, 545 F.2d 1131 (8th Cir.1976); *Dace, supra; Kidd, supra;* and *State v. Kindvall*, 86 S.D. 91, 191 N.W.2d 289 (1971). *See also State v. Karras*, 438 N.W.2d 213 (S.D.1989).

Affirmed.

All the Justices concur.