STATE of South Dakota, Plaintiff and Appellant,

v.

Michael K. OLSEN, Defendant and Appellee.

No. 16885.

Supreme Court of South Dakota.

Argued May 22, 1990.

Decided Oct. 10, 1990.

John Slattery, Union County State's Atty., Elk Point, for plaintiff and appellant.

Rick Johnson of Johnson, Eklund & Davis, Gregory, for defendant and appellee.

SABERS, Justice.

The State appeals a magistrate court order dismissing a charge of manslaughter in the second degree against Michael K. Olsen.

*Facts.*

About 5:00 p.m. on May 24, 1989, Olsen was driving a tractor west on Highway 46, approximately one mile east of the Beresford city limits. Visibility was good as it was a clear, sunny day. Olsen entered the highway from a field where he had been working and was travelling between five and fifteen miles per hour. After travelling approximately one-half mile on the highway, Olsen pulled over to the side of the road to allow a car that was following him to pass. A second vehicle, driven by Lloyd Saugstad, was a short distance farther back.

Shortly after pulling over to the side of the road, Olsen turned left toward a gravel road leading to his parents' home. As he was crossing the eastbound lane of the highway, the front of the tractor was struck by a car travelling east in that lane. The collision resulted in the immediate death of the driver of the eastbound vehicle. When Saugstad approached the accident scene, Olsen ran from the tractor saying "I didn't see it." After rescue personnel arrived, Olsen was taken to the Beresford clinic and treated for shock.

The State filed a complaint against Olsen on May 30, 1989, charging him with one count of manslaughter in the second degree. A preliminary hearing was held on July 27, 1989. At the hearing, Saugstad testified that he saw the eastbound vehicle coming and knew that a crash was imminent when Olsen turned his tractor. The South Dakota highway patrol trooper who investigated the accident testified that he interviewed Olsen the evening of the accident. Olsen told the trooper that before attempting to make his turn he looked both behind and forward, but did not see the approaching vehicle.

Following the presentation of the State's case at the preliminary hearing, Olsen moved to dismiss the complaint against him. The magistrate granted Olsen's motion and dismissed the manslaughter charge because "the factual situation fails to meet the burden to sustain a charge of felony manslaughter." The State petitioned this court for permission to appeal the intermediate order of the magistrate court. We granted the petition, but deny the relief sought.

### Standard of review.

A preliminary hearing is held to determine whether "from the evidence it appears that there is probable cause to believe that an offense has been committed and that the defendant committed it." SDCL 23A–4–6. The State bears the burden of introducing evidence tending to show that probable cause exists. *State v. Oakie,* 311 N.W.2d 45 (S.D.1981). The State satisfies its burden when "there is sufficient evidence to justify further inquiry by a trial." *State v. Lohnes,* 432 N.W.2d 77, 82 (S.D.1988). The evidence justifies further inquiry when the State has established "a prima facie case against the defendant from which the trier of fact could conclude the defendant was guilty of the offense as charged." *State v. Anderson,* 612 P.2d 778, 783 (Utah 1980). In other words, the State must introduce evidence that, if true, will establish each element of the crime charged.

■ If the State fails to establish probable cause, then the committing magistrate shall dismiss the complaint. SDCL 23A–4–7. The magistrate's determination regarding the existence of probable cause shall not be disturbed upon review unless a clear abuse of discretion is demonstrated. *People v. Doss,* 406 Mich. 90, 276 N.W.2d 9 (1979); *accord People v. Paille,* 383 Mich. 621, 178 N.W.2d 465 (1970); *State v. Mitchell,* 104 Idaho 493, 660 P.2d 1336 (1983), *cert. denied,* 461 U.S. 934, 103 S.Ct. 2101, 77 L.Ed.2d 308 (1983). While the reviewing court may not agree with the magistrate's decision, it may not substitute its judgment for that of the magistrate, except in a case of a clear abuse of discretion. *Doss, supra; Paille, supra.*

### Recklessness requires a conscious disregard of a risk.

■ SDCL 22–16–20 treats "[a]ny reckless killing" as manslaughter in the second degree.[1] The definition of "reckless" for the purpose of this statute is set forth in SDCL 22–1–2(1)(d). *State v. Martin,* 449 N.W.2d 29 (S.D.1989). That definition states:

> The words "reckless, recklessly" and all derivatives thereof, import a conscious and unjustifiable disregard of a substantial risk that the offender's conduct may cause a certain result or may be of a certain nature. A person is reckless with respect to circumstances when he consciously and unjustifiably disregards a substantial risk that such circumstances may exist[.]

In other words, for someone's conduct to be deemed reckless, they must consciously disregard a substantial risk. Consequently, someone cannot be reckless if they are unaware of the risk their behavior creates as they cannot disregard that risk if they are unaware of it. As the North Dakota Supreme Court has stated: "In order that conduct be considered reckless it must create a high degree of risk of which the actor is *actually aware.*" *State v. Anderson,* 336 N.W.2d 634, 637 (N.D.1983) (emphasis added).

■ Recklessness requires more than ordinary negligent conduct. Evidence of carelessness, inadvertence or other similar behavior is insufficient to sustain a conviction where reckless conduct is required. *See People v. Buffington,* 61 Misc.2d 429, 304 N.Y.S.2d 746 (1969), *rev'd on other grounds,* 35 A.D.2d 1063, 316 N.Y.S.2d 481 (1970). The difference between reckless behavior and negligent behavior is primarily measured by the state of mind of the individual. As explained in 1 C. Torcia, *Wharton's Criminal Law* § 27 at 140 (1978):

> The difference between the terms "recklessly" and "negligently", as usually defined, is one of kind, rather than of degree. Each actor creates a *risk* of harm. The reckless actor is *aware* of the risk and disregards it; the negligent actor is

---

1. SDCL 22–16–20 provides:
   Any reckless killing of one human being by the act or procurement of another which, under the provisions of this chapter, is neither murder nor manslaughter in the first degree, nor excusable nor justifiable homicide, is manslaughter in the second degree. Manslaughter in the second degree is a Class 4 felony.

*not aware* of the risk but should have been aware of it.

(Emphasis in original). The same idea is expressed in Treiman, *Recklessness and the Model Penal Code,* 9 Am.J.Crim.L. 281, 351 (1981):

> It is the concept of conscious disregard that distinguishes recklessness from negligence. The negligent actor fails to perceive a risk that he ought to perceive. The reckless actor perceives or is conscious of the risk, but disregards it.

Consequently, outwardly identical actions by two people may be reckless behavior for one, but only negligent behavior for the other.

█ Although it is not always possible for the State to directly establish that a defendant was aware of a risk, it can be done indirectly through the defendant's conduct. Awareness can be established if the defendant acts in a manner that indicates a reckless disregard for the safety of others. However, the operation of a motor vehicle in violation of the law is not in and of itself sufficient to constitute reckless conduct, even if a person is killed as a result thereof. *See State v. Wallin,* 195 N.W.2d 95 (Iowa 1972); *State v. Kellison,* 233 Iowa 1274, 11 N.W.2d 371 (1943); *Commonwealth v. Clowser,* 212 Pa.Super. 208, 239 A.2d 870 (1968). As explained in *Commonwealth v. Kaulback,* 256 Pa.Super. 13, 389 A.2d 152, 154–155 (1978), the evidence must show more than a mere violation of the law before criminal responsibility for a death will arise:

> [N]ot every violation of law or unlawful act in the operation of a motor vehicle will render the operator criminally responsible for deaths which may result. Such an operator, to be criminally responsible, must evidence a disregard of human life or an indifference to the consequences of his acts. This is based on the sound principle that there must be found from the evidence some degree of

culpable behavior or reckless disregard for the safety of others before a conviction may be sustained.

Criminal responsibility for death resulting from the operation of a motor vehicle in violation of the law will result only if the violation is done in such a manner as to evidence a reckless disregard for the safety of others. Mere carelessness or inadvertence or thoughtless omission is insufficient. *Buffington, supra.*

█ In the present case, the State has failed to introduce evidence of Olsen's conduct that would rise above the level of negligence. Nothing in the evidence of Olsen's behavior suggests that he was in any way aware of the risk he was creating when he turned his tractor towards the gravel road. Although it appears he did not properly yield the right-of-way,[2] as the court explained in *Clowser, supra:* "We are of the opinion that a mere failure to yield the right-of-way is not such evidence of culpable or criminal negligence as will support the charge of involuntary manslaughter." *Id.* 239 A.2d at 873 (quoting *Commonwealth v. Humphrey,* 14 Law.L.J. 145 (1955)). The State has failed to offer evidence indicating that Olsen's failure to yield the right-of-way was done in such a manner as to suggest a reckless disregard for the safety of others. While the State need not introduce evidence that Olsen could foresee a death resulting from his conduct, the State must introduce evidence that would allow a trier of fact to conclude that Olsen was aware of the dangerous nature of his conduct. Since the State has failed to introduce such evidence, we cannot say that the magistrate court abused its discretion in dismissing the complaint against Olsen. SDCL 23A–4–7.[3] As indicated above, the magistrate's determination regarding the existence of probable cause shall not be disturbed on appeal un-

---

**2.** When the driver of a vehicle is making a left turn at an intersection, SDCL 32–26–19 requires the driver to yield the right-of-way to oncoming traffic. In addition, SDCL 32–26–6 requires that a vehicle remain in a single traffic lane unless the driver determines it is safe to do otherwise.

**3.** SDCL 23A–4–7 provides in part that "[t]he discharge of a defendant does not preclude a prosecuting attorney from instituting a subsequent prosecution for the same offense."

less a clear abuse of discretion[4] is demonstrated. *Doss, supra; Paille, supra.*

MORGAN, J., concurs.

HENDERSON, J., concurs with a writing.

WUEST, J., concurs specially.

MILLER, C.J., concurs in result without a writing.

HENDERSON, Justice (concurring).

Commonplace it is to have appeals by the State of South Dakota briefed and argued by the Attorney General's office; however, this case was briefed and then argued by the State's Attorney of Union County at the State Capitol.

In his argument, the State's Attorney lamented that lacking a manslaughter conviction "all we can do is to go careless driving" and "get a fine out of him." The implication was clear (and he so argued): South Dakota should have some law on the books to prosecute an offender whose criminal acts fall between "manslaughter" and "careless driving"—if "reckless driving" does not fit the facts. His brief reflects that only a $65.00 fine for careless driving would ensue herein if a manslaughter charge is dismissed, expressing further that this is not good public policy.

Mr. State's Attorney expressed in argument that he "wanted the law changed"— referring to the statutory scheme.

If indeed, it was the decisional law of this state which Mr. State's Attorney now wants changed, I would rebuff such argument, also. Historically, this Court has demanded a showing of conduct far more egregious than this set of facts to establish a manslaughter conviction via reckless driving. Under SDCL 22-1-2(1)(d) there

must be a *"conscious and unjustifiable disregard of a substantial risk that the offender's conduct may cause a certain result or may be of a certain nature."* Under this set of facts, such a mental state does not exist. We have no excessive speed nor drinking of intoxicants involved. Olsen was not using a controlled substance. Olsen's speed, through testimony, was estimated being between 5 and 15 miles per hour. No testimony regarding the speed of decedent's automobile was presented. Such absence or lack of proof does not militate well for the State's proof. It weakens the State's case greatly, in my opinion. This accident happened on a country road with a young farm boy operating a tractor, in low gear, pulling a disk. The point of impact suggests that Olsen was over ½, if not ¾, through his left-handed turn towards his parents' farmstead. An eyewitness to the accident, one Lloyd Saugstad, saw the decedent's car come over a hill. He opined that a collision was imminent. He further expressed that the accident took place "in a matter of seconds." Saugstad further testified, that as he watched the car approach, "he'll surely slow up now." Repeatedly, Olsen who was stunned and went into shock requiring hospitalization, cried out: "I didn't see it, I didn't see." Obviously he did not for, if he had, he would not have made the ill fated turn. And so, for this mistake of judgment (not seeing the approaching vehicle) must he/should he be prosecuted for a state penitentiary offense? I think not.

Is this a case, factually, akin to *State v. Bennett*, 326 N.W.2d 720 (S.D.1980) (alcohol and excessive speed)? No. Or does it mirror the factual scenario in *State v. Siedschlaw*, 304 N.W.2d 102 (S.D.1981) (a wild, high speed chase through a busy, heavily trafficked municipality)? No. Can

---

**4.** In this case, the magistrate did not choose between conflicting facts, but merely determined that the facts, as presented by the State, did not establish each element of the crime charged. It is settled law that such a decision is within the magistrate's discretion:

> [I]f the inference that the accused committed a felony is so weak that drawing it still does not establish a plausible account of probable guilt, *it is within the discretion of the magis-*

*trate* to decline to find probable cause to bind him over for trial.

*State v. Dunn*, 121 Wis.2d 389, 359 N.W.2d 151, 155 (1984) (quoting from State's brief) (emphasis added). The inference that Olsen consciously disregarded a substantial risk because it was a clear day and somebody else was able to see the decedent's vehicle is too weak to establish a plausible account of probable guilt.

one urge that it resembles *State v. Martin,* 449 N.W.2d 29 (S.D.1989) (wherein a stalled, abandoned garbage truck was left in the busy traffic lane of an interstate highway, without lights during late night hours)? No. The above cited cases were instances where this Court interpreted second degree manslaughter in the context of a vehicular death occurring on a highway or heavily trafficked street. We should stand by our decisional law.

Error of judgment Olsen *apparently* made by failing to yield. One may describe it as a thoughtless omission. But if "negligent" or "careless" driving or a thoughtless omission spawns manslaughter prosecutions in this state, the courts will be flooded with these types of prosecutions. If there is a vacuum in the law, i.e., a blind spot between manslaughter and careless driving, our Legislators, at the State Capitol, should fill the gap. It's not our job.

In my opinion, this young man's mistake of judgment instills or creates less outrage than a punishment which might flow from further prosecution. Therefore, the Forces of Law, in this instance the Criminal Law, is duty-bound to give way to the ordinary feelings of mankind and to, also, a practical application of the Law itself.

No clear abuse of discretion existing on the part of the Law Trained Magistrate, I would affirm his decision. *State v. Oakie,* 311 N.W.2d 45 (S.D.1981). A jury should not deliberate upon a felony charge if the elements of the crime are not before the court, regardless of the hierarchial category of that particular court.

WUEST, Justice (concurring specially).

I concur. The key in this case was factual. Did Olsen see the oncoming vehicle and try to beat it across the highway, or did he fail to see it? If it was the former, he should have been held for trial on manslaughter charges. If the latter, the dismissal was correct.

Magistrates are not the finders of fact (i.e. jury) in criminal prosecutions. Conflicting facts or inferences are for the trier of fact to resolve. *State v. Dunn,* 121 Wis.2d 389, 359 N.W.2d 151 (1984). However, a magistrate must necessarily ascertain the facts to decide probable cause. In performing this function he may assess the weight and competency of the evidence and the credibility of the witnesses. *People v. Paille,* 383 Mich. 621, 178 N.W.2d 465 (1970).

In this case the spontaneous statement at the accident scene by defendant he did not see the oncoming vehicle is credible. It does not appear to be a statement conceived after .the fact to exculpate himself from a manslaughter charge. The magistrate apparently determined from the spontaneity of the remark Olsen did not see the oncoming vehicle, hence no manslaughter charge. Under that scenario, it was not an abuse of discretion to dismiss the charges.