**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Cameron RED STAR, Defendant and Appellant.**

**No. 17050.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 28, 1990.

Decided April 10, 1991.

Gary R. Campbell, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Roger A. Tellinghuisen, Atty. Gen., Pierre, on brief.

John Stanton Dorsey of Whiting, Hagg & Hagg, Rapid City, for defendant and appellant.

MILLER, Chief Justice.

Cameron Red Star appeals his conviction on a charge of first-degree intentional damage to private property.* We affirm.

Red Star was charged and tried jointly with Millard Brings Plenty for the intentional damage to the windshield of an automobile owned by Phillip Nalls.

On the night of the offense, Nalls had identified Red Star and Brings Plenty as the persons he believed he had observed doing the property damage. This identification was made to police, at Nalls' residence, after the suspects had been detained by the police, based upon a prior description by Nalls.

Prior to trial, Red Star filed a motion seeking to suppress the out-of-court identification, asserting that it was impermissibly suggestive. The trial court, after an evidentiary hearing, denied the motion.

At trial, Nalls generally testified to the same factual scenario as he did at the suppression hearing. Further, with no objection being made, he testified that he had identified Red Star to the police as one of the persons who damaged his car and that he relied upon his previous out-of-court identification based mainly upon an "identical" clothes match. *Nalls, however, would not make an in-court identification of Red Star.*

On appeal, Red Star asserts that the trial court erred in (1) failing to suppress the out-of-court identification to police and (2) denying his motion for the appointment of an expert witness concerning the reliability of sole eyewitness identification. We address those issues seriatim.

* The offense was in violation of SDCL 22–34–1.

### 1. Suppression of Out-of-Court Identification.

█ As noted earlier, Red Star failed to object to Nalls' testimony at trial. He therefore has failed to preserve the issue for appeal. It is settled law in this state that reversible error cannot be predicated upon the denial of a motion in limine and that failure to specifically object to the evidence at trial waives the issue on appeal. *State v. Gallipo,* 460 N.W.2d 739, 743 (S.D. 1990); *State v. Novaock,* 414 N.W.2d 299 (S.D.1987); *State v. Olson,* 408 N.W.2d 748 (S.D.1987).

### 2. Refusal to Appoint Expert Witness.

█ Red Star made a motion to appoint an expert witness to testify as to the reliability of the identification of the suspects by Nalls. The trial court denied the motion, determining that the facts and circumstances in the case did not warrant the appointment of an expert. Red Star argues that the trial court erred in failing to apply the factors delineated in *State v. Stuck,* 434 N.W.2d 43 (S.D.1988), and that failure to appoint an expert witness denied his due process rights.

Red Star's counsel had contacted a practicing psychotherapist for the purpose of testifying to the general reliability of eyewitness testimony and specifically the influence of stress, suggestive information, and cross-racial identification upon Nalls. Counsel for Red Star believed that if allowed to testify the psychotherapist would have been able to assist the jury in evaluating the reliability of what Nalls believed he had seen, how he had retained that information, and how he had explained that information.

█ Red Star concedes that where an indigent requests appointment of an expert at county expense, the question is left to the discretion of the trial court. Before such an appointment need be made, the requirements set forth in *Stuck, supra,* must be satisfied. Under *Stuck,* the request must be (1) in good faith; (2) reasonable in all respects; (3) timely and specifically set forth the necessity of an expert; and (4) clear in that defendant is financially unable to obtain the required service himself and that such service would otherwise be justifiably obtained were the defendant financially able. *Id.,* at 50–51.

█ A trial court's decision regarding appointment of an expert will not be set aside absent an abuse of discretion. *State v. Jaques,* 428 N.W.2d 260, 264 (S.D.1988). The trial judge has broad discretion in determining the necessity of the appointment of an expert in a given factual environment. *State v. Hallman,* 391 N.W.2d 191, 194 (S.D.1986).

Here, it should be noted that the trial court ordered the appointment, at county expense, of an investigator to aid Red Star in his defense. *See State v. Muetze,* 368 N.W.2d 575, 583 (S.D.1985). Next, Nalls' out-of-court identification was the subject of vigorous cross-examination by defense counsel. Finally, the reliability of Nalls' identification of Red Star is not beyond the understanding of a lay person. The jury knew that the crime occurred at dusk, that it was difficult to see, and that the identification was mainly based on a clothing match rather than on facial appearance. Indeed, as stated previously, Nalls did not make an in-court identification of Red Star at trial. We believe that the facts and circumstances of this case are not such that expert testimony was necessary because the evidence was not beyond the understanding of a lay person. *State v. Archambeau,* 333 N.W.2d 807, 811 (S.D. 1983); *State v. Hanson,* 278 N.W.2d 198 (S.D.1979).

We find no abuse of discretion.

Affirmed.

WUEST, HENDERSON and SABERS, JJ., and MORGAN, Retired Justice, concur.

AMUNDSON, J., not having been a member of the Court at the time this case was considered, did not participate.