**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Marguerite L. WALL, Defendant and Appellant.**

**No. 17458.**

Supreme Court of South Dakota.

Submitted on Briefs Oct. 22, 1991.

Decided Feb. 12, 1992.

Rehearing Denied March 23, 1992.

Jeffrey P. Hallem, Asst. Atty. Gen., Pierre, for plaintiff and appellee, Mark Barnett, Atty. Gen., on the brief.

Craig A. Pfeifle of Lynn, Jackson, Schultz & Lebrun, P.C., Rapid City, for defendant and appellant.

HENDERSON, Justice.

### PROCEDURAL HISTORY/ISSUES

This appeal arises from an automobile accident and fatality. We affirm. On August 6, 1990, Marguerite Wall (Wall) was charged with Second Degree Manslaughter, in violation of SDCL 22–16–20. A jury trial was held in December of 1990. The jury ultimately returned a guilty verdict on the second degree manslaughter charge. Wall was subsequently sentenced and a Judgment of Conviction was entered in January of 1991. Following sentencing, Wall filed a motion for new trial in February, 1991. The trial court entered an Order denying new trial in March of 1991. On appeal, Wall raises the following three issues:

I. Was there sufficient evidence presented to the jury to support a conviction?

II. Did the trial court err in denying Wall's request for a lesser included offense jury instruction?

III. Did Wall receive a fair trial?

### FACTS

On August 4, 1990, Wall, driving a motorhome, struck the rear end of a pickup truck camper driven by Ronald Starkey. Wall was attempting a pass on Highway 16. As Wall was proceeding west on Highway 16, the vehicle traffic proceeding west was slowed for an accident. Wall passed three or four cars after leaving the area of this accident. When she attempted to pass the Starkey pickup, a collision occurred. This collision took place on a mile long stretch on Highway 16, two miles east of the Wyoming border. This stretch of road

had no sharp curves and had dry pavement. At the sight of the homicide, it was narrow (19 feet 7 inches wide) with no shoulder.

The collision with the Starkey vehicle occurred after Wall passed a van and a car and returned approximately two-thirds of the way back into her proper lane. According to an eyewitness, Lynn Litizzette, Wall then started pulling back out into the eastbound lane to pass Starkey when she struck the rear of the camper shell. Eyewitnesses testified that Wall was driving at a high rate of speed, ducking in and out and passing vehicles. This caused Starkey's pickup to be pushed into the ditch; it rolled and was demolished. Starkey was killed in the accident and his wife, two boys and an infant were injured. Appellate counsel was not counsel at trial court level.

## DECISION

I. *Was there sufficient evidence in the record to support the conviction?*

 In determining the sufficiency of the evidence on review, the question presented is whether there is evidence in the record which, if believed by the fact finder, is sufficient to sustain a finding of guilt beyond a reasonable doubt. *State v. Lewandowski*, 463 N.W.2d 341, 343–344 (S.D.1990). In this review, we must accept that evidence, and the most favorable inferences to be fairly drawn therefrom, which will support the verdict. *Id.* at 344 (citations omitted). In determining the sufficiency of the evidence, this Court will not " 'resolve conflicts in the evidence, pass on the credibility of witnesses, or weigh the evidence.' " *State v. Hanson*, 456 N.W.2d 135, 139 (S.D.1990) (quoting *State v. Faehnrich*, 359 N.W.2d 895, 900 (S.D. 1984)). No guilty verdict will be set aside if the evidence, including circumstantial evidence and reasonable inferences drawn therefrom, sustains a reasonable theory of guilt. *State v. Bartlett*, 411 N.W.2d 411, 412 (S.D.1987).

Wall is charged with violation of SDCL 22–16–20.[1] This statute provision treats "[a]ny reckless killing" as manslaughter in the second degree. In this appeal, Wall essentially disputes the jury's finding of recklessness. This Court has had occasion in the recent case of *State v. Olsen*, 462 N.W.2d 474, 476–477 (S.D.1990), to review SDCL 22–16–20 in context of an automobile accident. Therein, also, the issue of "reckless" was raised.

 The definition of "reckless" for the purpose of second degree manslaughter is set forth in SDCL 22–1–2(1)(d). That definition provides:

The words "reckless, recklessly" and all derivatives thereof, import a conscious and unjustifiable disregard of a substantial risk that the offender's conduct may cause a certain result or may be of a certain nature. A person is reckless with respect to circumstances when he consciously and unjustifiably disregards a substantial risk that such circumstances may exist[.]

*See, State v. Olsen, supra* at 476, and *State v. Martin*, 449 N.W.2d 29 (S.D.1989). As we stated in *Olsen, supra* at 476: "Recklessness requires more than ordinary negligent conduct." Awareness and cognizance of the risk, and disregarding that risk, are factors that bring an actor's conduct to the level of recklessness. "The reckless actor is aware of the risk and disregards it; the negligent actor is not aware of the risk but should have been aware of it." *Olsen, supra* at 476–477 (citations omitted). The difference between reckless and negligent behavior is measured by the state of mind of the individual. *Id.*

 State must demonstrate the element of awareness of the risk to establish reckless conduct. This can be established indirectly by establishing that a defendant's conduct indicates a reckless disregard for the safety of others. *Olsen,*

---

1. SDCL 22–16–20 provides:
 Any reckless killing of one human being by the act or procurement of another which, under the provisions of this chapter, is neither murder nor manslaughter in the first degree, nor excusable nor justifiable homicide, is manslaughter in the second degree. Manslaughter in the second degree is a Class 4 felony.

*supra* at 477. However, merely producing evidence of carelessness, inadvertence or thoughtless omission is insufficient to sustain a conviction where reckless conduct is required. *Id.* Operation of a motor vehicle in violation of the law, without more, is not sufficient to constitute reckless conduct, even if there is a fatality as a result thereof. *Id.*[2]

▮ In the present case, after reviewing the evidence and drawing the most favorable inferences therefrom, we hold that there is sufficient evidence to support the jury's verdict. The evidence does rise to the level of "reckless." The State introduced evidence of the narrow width of Highway 16 in the vicinity of the collision and of the wide frame of the RV. State introduced evidence of Wall's numerous attempts to pass vehicles and of passing multiple cars in one lengthy pass. This was all done shortly after leaving the vicinity of a separate accident where traffic was slowed. This driving was all done in an obvious attempt to keep up with a traveling companion in another vehicle, who was pulling a boat at a high rate of speed. Evidence was also provided by eyewitnesses. They testified that Wall's driving came close to causing accidents over the course of several miles before she came upon Starkey's pickup. Evidence was introduced as to an excessive rate of speed that Wall was traveling and of imprudent passing of other vehicles. Witnesses testified that Wall's passing at times involved an erratic ducking in and out between cars to pass in the oncoming lane. From this evidence, other evidence in the record, and from reasonable inferences drawn therefrom, there is sufficient evidence to conclude that Wall was

aware of the risk of a potential accident, yet disregarded that risk. The risks of passing were obvious. There is sufficient evidence in the record to conclude that Wall's conduct reached the level of reckless conduct in operating her motor vehicle. Her ducking in and out of traffic, at a high rate of speed, passing other vehicles, displayed a reckless disregard for the safety of other persons on the road. Although this case does not involve use of alcohol or a controlled substance, those factors are not a requirement to a finding of reckless conduct for purposes of second degree manslaughter. There is sufficient evidence in the record to support a determination, beyond a reasonable doubt, of a violation of SDCL 22–16–20, second degree manslaughter.

II. *Wall asserts that the trial court erred in refusing to instruct on Wall's lesser included offense instruction, i.e., careless driving.*

▮ At trial, the court denied Wall's proposed instructions, numbers 11 and 12, both relating to "careless driving," determining that the instructions did not meet the legal and factual tests for giving lesser included offenses. In *State v. Heumiller*, 317 N.W.2d 126, 132 (S.D.1982), we stated:

> Under the law as established in this state, it is incumbent upon the trial court to instruct the jury, if requested, upon a lesser offense included in the offense charged if the evidence warrants a conviction upon the included offense. There are two tests that must be satisfied in determining whether the trial court should submit a lesser included offense

---

2. A case cited in Sabers, J., dissent, bears examination. The statute in *State v. Barela*, 95 N.M. 349, 622 P.2d 254, 255 (App.1980) is distinguishable from SDCL 22–16–20. The New Mexico statute, Section 66–8–101, N.M.S.A. 1978, is literally a vehicular homicide statute, as opposed to SDCL 22–16–20, which contains no mention nor distinction of vehicular homicide, motor vehicles, use of motor vehicles, etc. Section 66–8–101 N.M.S.A. 1978 reads as follows:

 A. *Homicide by vehicle* is the killing of a human being in the unlawful operation of a motor vehicle.

 B. Any person who commits *homicide by vehicle* while violating Section 66–8–102 or 66–8–113 N.M.S.A. 1978 is guilty of a felony.

 In contra-distinction, SDCL 22–16–20 provides:

 Any reckless killing of one human being by the act or procurement of another which, under the provisions of this chapter, is neither murder nor manslaughter in the first degree, nor excusable no justifiable homicide is manslaughter in the second degree. Manslaughter in the second degree is a Class 4 felony.

 As is evident, the two statutes are clearly distinguishable.

instruction to the jury. The first is a legal test, the second is factual.

*See, State v. Gillespie*, 445 N.W.2d 661, 663 (S.D.1989). The legal test is met if (1) all of the elements of the included offense are lesser in number than the elements of the greater offense; (2) the penalty for the included lesser offense must be less than that of the greater offense; and (3) both offenses must contain common elements so that the greater offense cannot be committed without also committing the lesser offense. *State v. Gillespie, supra* at 663. In order to meet the factual test, evidence must be presented which would support a conviction of a lesser charge. Refusal by the trial court to give such an instruction would be reversible error. *State v. Heumiller, supra* at 132. "There must be sufficient evidence, however, when read in the light most favorable to the defendant, which would justify a jury in concluding that the greater offense was not committed and that a lesser offense was, in fact, committed." *Heumiller, supra* at 132 (citations omitted).

The trial court denied Wall's proposed instructions involving the lesser included offense of careless driving, stating that the instructions did not meet the legal and factual test as outlined above. We agree with this conclusion. Wall fails to meet the third element of the legal test. This element provides that the two offenses must contain common elements so that the greater offense cannot be committed without also committing the lesser offense. In the present case, the greater offense of second degree manslaughter can be committed without also meeting all of the elements necessary to commit the offense of careless driving. Indeed, the two offenses do not contain common elements. The elements of second degree manslaughter, SDCL 22–16–20, upon which Wall was charged, are:

(1) That the defendant at the time and place alleged in the (information, indictment) caused the death of _____;

(2) That such killing was reckless;

(3) That such killing was by such means and under such circumstances as not to constitute murder or manslaughter in the first degree as defined in these instructions; and

(4) That the killing was not excusable or justifiable.

South Dakota Pattern Jury Instruction— Criminal No. 3–24–27. The elements of SDCL 32–24–8, careless driving are:

(1) That the defendant, at the time and place alleged in the (information, indictment), drove a vehicle upon (a highway, an alley, the property of a public or private school, college or university);

(2) That said driving was done carelessly and without due caution;

(3) That said driving was done at a speed or in a manner so as to endanger any person or property.

South Dakota Pattern Jury Instruction— Criminal No. 3–19–38.

SDCL 22–16–20, second degree manslaughter, and SDCL 32–24–8, careless driving, contain none of the same elements. SDCL 32–24–8, careless driving is not a lesser included offense to second degree manslaughter. Careless driving, Wall argues, is a lesser included offense to SDCL 32–24–1, reckless driving. In the present case, Wall was charged and convicted under SDCL 22–16–20, second degree manslaughter, not SDCL 32–24–1, reckless driving. Neither reckless driving nor careless driving involves a homicide. Wall does not meet the test for an instruction of a lesser included offense. Because of our conclusion, we need not discuss the factual determination of the test.

It is noted that we have held that a trial judge is obligated to instruct on the evidence and should not instruct on evidence which belies the record. Here, a careless driving instruction would be highly inappropriate for the reason that Wall was darting in and out of vehicles on the highway, at a high rate of speed, on a rather narrow road with no shoulders, nearly causing other accidents, whereby the drivers of motor vehicles were highly endangered. Eyewitnesses testified that they were fearful of their lives as Wall, with her wild and excited driving, attempted to catch up with another vehicle. Simply put, a careless driving instruction is not sup-

ported by the overwhelming evidence in this case. *See, State v. Weisenstein,* 367 N.W.2d 201, 206 (S.D.1985). In *Olsen,* a young farm boy, driving a tractor at a speed of approximately 5 to 15 miles per hour, made a left hand turn onto a gravel country road. Olsen was charged with manslaughter under SDCL 22–16–20, the same statute that Wall is charged with violating. The manslaughter charge was dismissed at a preliminary hearing by the magistrate court. We affirmed the magistrate court order.

### III. *Was Wall afforded a fair trial?*

■ Wall asserts that certain actions and statements by the State amounted to prosecutorial misconduct, denying Wall a fair trial. This alleged misconduct consisted of the State eliciting testimony from various witnesses at trial concerning Wall's post-collision conduct and the State cross-examining Wall on her lack of insurance. Wall alleges that the introduction of these statements by the State were highly prejudicial. Prejudicial error, which Wall contends is present here, is such error, as in all probability must have produced some effect upon the final result of the trial. It must be harmful to the substantial rights of the party assigning it. *State v. Wimberly,* 467 N.W.2d 499, 504 (S.D.1991) (citing *State v. Michalek,* 407 N.W.2d 815, 818 (S.D.1987)).

■ On appeal, Wall contends that the introduction of testimony at trial concerning her post-collision conduct was irrelevant and highly prejudicial evidence. She asserts that the introduction of said evidence rises to the level of "plain error." *State v. West,* 344 N.W.2d 502, 504 (S.D. 1984). This evidence consisted of testimony relating to Wall's lack of remorse after the accident.

Initially, we note the issue relating to a "lack of remorse" was not preserved for appeal. Wall filed no pretrial motion to suppress evidence of this kind. She raised no objection to the evidence when the State produced it. Finally, Wall did not include this objection in her motion for new trial. This Court has consistently held that fail-ure to specifically object to evidence at trial forecloses complaint of the issue on appeal. *State v. Red Star,* 467 N.W.2d 769, 771 (S.D.1991); *State v. Gallipo,* 460 N.W.2d 739, 743 (S.D.1990). *See also, State v. Handy,* 450 N.W.2d 434, 435 (S.D.1990) (Defendant did not preserve issue for appeal by failing to make appropriate or timely objection at time of claimed misconduct).

■ We do not believe that the introduction of this evidence rises to the level of plain error. This Court has adopted the plain error rule and may, on appeal, notice defects which affect substantial rights even though the defendant failed to properly preserve such defects for appeal. *State v. Bunnell,* 324 N.W.2d 418 (S.D.1982). However, we employ this rule only in exceptional cases, and then, it is employed cautiously; the rule does not encompass every error which occurs at trial, but only those errors which are both obvious and substantial. *Lewandowski,* 463 N.W.2d at 344.

■ Additionally, Wall alleges prosecutorial misconduct by the State's reference to Wall's lack of insurance. Wall asserts that this statement was highly prejudicial and rises to the level of plain error. At trial, the court sustained Wall's objection to this statement and admonished the jury to disregard the reference to insurance. The trial court denied Wall's Motion for Mistrial and Motion for New Trial based on its admonishment to the jury to disregard the reference and the trial court's confidence that the jury would do so.

We have addressed this issue of prosecutorial misconduct before:

No hard and fast rules exist which state with certainty when prosecutorial misconduct reaches a level of prejudicial error which demands reversal of the conviction and a new trial; each case must be decided on its own facts. (citations omitted).

Furthermore, we will not disturb the trial court's ruling on a motion for a new trial based on misconduct of counsel unless we are convinced there has been a clear abuse of discretion. (citations omitted).

*State v. Shult,* 380 N.W.2d 352, 355 (S.D. 1986) (quoting *State v. Kidd,* 286 N.W.2d 120, 121–122 (S.D.1979)).

This reference to lack of insurance was improper. However, defense counsel made an immediate objection to the statement. The trial judge immediately admonished the jury to disregard the statement. The trial court's on-the-scene assessment of the impact of the reference led him to conclude that he was confident the jury would disregard the reference, upon which he denied Wall's motion for mistrial and motion for new trial. Giving due deference to the trial court's on-the-scene assessment, we conclude that the reference was not so prejudicial as to rise to the level of "plain error." Cf. *State v. Dornbusch,* 384 N.W.2d 682, 686 (S.D.1986) (admission of testimony that defendant refused to take polygraph test not plain error). The trial court did not clearly abuse its discretion in denying Wall's motions based on this statement. We do not believe that this reference rose to such a dimension that a fair trial and verdict were impossible. Here, the testimony establishing second degree manslaughter, considering the death of Starkey and the conscious and unjustifiable disregard of a substantial risk by Wall's conduct where a certain result would occur, or was of a certain nature, was overwhelming. Wall's driving was a reckless killing of a human being, under the state law, and the allusion to both a "lack of remorse" and no insurance were either waived or harmless error due to Wall's driving.

The judgment of conviction is affirmed.

WUEST, J., concurs.

MILLER, C.J., concurs in part and concurs in result in part.

AMUNDSON, J., concurs in part and dissents in part.

SABERS, J., dissents.

WUEST, Justice (concurring).

I concur with the majority opinion, but would not discuss whether the facts of this case would justify a careless driving in-struction since the legal test has not been met as explained in the majority opinion.

MILLER, Chief Justice (concurring in part and concurring in result in part).

I concur with the majority opinion on Issue I (sufficiency of the evidence) and Issue III (fair trial). I concur in result on Issue II (lesser included instruction).

As I perceive it, Issue II is simple and straightforward, but it has been unnecessarily complicated by both the majority writing and the dissent. I respectfully suggest that the confusion flows from their unfortunate mixing and interchanging references to the offenses of "reckless driving" and "careless driving." They seem to use those terms synonymously. I further respectfully suggest that both writings fail to recognize, appreciate, and consider the important distinctions between these offenses.

First, it must be remembered that Wall was charged with second-degree manslaughter in violation of SDCL 22–16–20, which provides:

> Any *reckless killing* of one human being by the act or procurement of another which, under the provisions of this chapter, is neither murder nor manslaughter in the first degree, nor excusable nor justifiable homicide, is manslaughter in the second degree[.] (Emphasis added.)

Additionally, SDCL 32–24–1, defines "reckless driving" (a Class 1 misdemeanor) as: "Any person who drives any vehicle upon a highway ... carelessly and heedlessly in disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property[.]"

Then, the Class 2 misdemeanor offense of "careless driving" is defined by SDCL 32–24–8 as follows: "Any person who drives any vehicle upon a highway ... carelessly and without due caution, at a speed or in a manner so as to endanger any person or property, *not amounting to reckless driving* as defined in § 32–24–1[.]" (Emphasis added.)

It is extremely important to note that *Wall did not request a lesser included instruction for the offense of "reckless driving" under SDCL 32–24–1.* Therefore, issues involving the offense of "reckless driving" have not been raised or preserved on appeal.

Wall did propose an instruction on a claimed lesser included "careless driving" offense under SDCL 32–24–8, directly quoting that statute, including the underlined portion noted above, which excludes conduct amounting to reckless driving.

The trial court did instruct the jury on the language of the manslaughter statute (SDCL 22–16–20). Additionally, it advised the jury of the statutory definition of "reckless" found at SDCL 22–1–2(1)(d) as follows:

> The words 'reckless, recklessly' and all derivatives thereof, import a conscious unjustifiable disregard of a substantial risk that the offender's conduct may cause a certain result or may be of a certain nature. A person is reckless with respect to circumstances when [s]he consciously and unjustifiably disregards a substantial risk that such circumstances may exist.

The trial court also, using appropriate pattern instructions, distinguished between recklessness and negligence.

Although I generally agree with the majority's dissertation concerning the legal and factual tests for giving lesser included instructions, I would not reach that issue.

It is settled law that a trial court need not instruct on any issue not supported by the facts. *State v. Tapio*, 459 N.W.2d 406 (S.D.1990); *State v. Heumiller*, 317 N.W.2d 126 (S.D.1982); *State v. Wilson*, 297 N.W.2d 477 (S.D.1980); *State v. Feuillerat*, 292 N.W.2d 326 (S.D.1980); *State v. Kafka*, 264 N.W.2d 702 (S.D.1978); *State v. O'Connor*, 86 S.D. 294, 194 N.W.2d 246 (1972).

A specific element of careless driving under SDCL 32–24–8 (and the instruction proposed by Wall) is that it must be conduct "not amounting to reckless driving." First, how can it be error to fail to instruct on "careless driving" when there has been no instruction on "reckless driving" (and remember, none was requested)? Secondly, under the evidence presented, it would have been improper to instruct on "careless driving," because an essential element thereof specifically excludes conduct amounting to reckless driving. Wall's driving was reckless, not careless!

Finally, the majority cites to Pattern Jury Instruction 3–19–38, which sets forth the elements of careless driving under SDCL 32–24–8. Although the majority accurately quotes the pattern instruction, I contend that said pattern instruction is erroneous and inadequate on its face. It fails to include the necessary element that the careless driving not amount to reckless driving as defined in SDCL 32–24–1. Admittedly, the pattern jury instruction committee's comment to the pattern recognizes such language exists and states:

> Assuming the defendant is charged with reckless driving, and the careless driving is offered as a lesser included, the jury would not consider the careless driving elements unless they first determined or found they had a reasonable doubt as to the reckless driving. If the charge is careless driving and a jury trial is held, the jury would not consider the elements of reckless driving anyway.

At the very least, this comment would recognize my thesis that it would be improper to instruct on careless driving as a lesser included of manslaughter, in the manner proposed by Wall's counsel.

In summary, as noted by the majority, the evidence supports a determination that Wall drove recklessly. It would be improper to instruct on the claimed lesser included offense of "careless driving" without an additional instruction on the offense of "reckless driving." None was proposed here.* Therefore, the trial court did not

---

* I do not reach issue of whether reckless is, in fact, a lesser included of manslaughter. I would save that for a different day.

err in refusing the proposed instruction on "careless driving."

AMUNDSON, Justice (concurring in part and dissenting in part).

I concur on Issue I and concur with the special writing of Chief Justice Miller on Issue II. I dissent on Issue III. I agree with the majority's statement that the conduct of the prosecutor in this action was improper, but part company with the conclusion reached thereafter.

This is a case involving the death of an individual caused by the manner in which Wall operated a motor vehicle. The elements of the charged crime, which State had to prove beyond a reasonable doubt, were (1) that the defendant caused the death of Ronald Starkey; (2) that the killing was reckless; and (3) that the killing was by such means and under such circumstances as not to constitute murder or manslaughter in the first-degree. S.D. Pattern Jury Instruction 3–24–27; SDCL 22–16–20.

There was conflicting testimony in this case regarding the speed of Starkey's vehicle and defendant's vehicle at the time of the collision. This leads one to conclude that the prosecutor did not feel that State had a lay-down case when it came time to cross-examine the defendant. During this cross-examination, the prosecutor chose to delve into defendant's insurance status on the vehicle being driven by her at the time of the accident. Defendant's counsel objected to this line of questioning as being irrelevant and prejudicial. The trial court exercised the appropriate discretion and sustained the objection to this rank cross-examination. When asked by the trial court of the reason for the inquiry, the prosecutor stood mute. As well she should, in view of the fact that there would be no legal, rational, logical, or professional basis to argue to the court for the admission of the foul inquiry.

Next, one must wonder why the prosecutor asked this question, when insurance coverage is not an element of the crime charged. Was it to gain an unfair advantage, picture the defendant as a bad person, inflame the jury in this death case, overzealous prosecution, win at all costs, or ignorance of the rules of professional conduct in the adversary environment? Probably all of the above.

There is no dispute from the record of this proceeding that the trial court, subsequent to the interjection of this low foul into the case, took the proper steps to attempt to sanitize the jury. The issue, in my mind, is whether the trial court's efforts did correct the wrong inflicted by the prosecution in this case. The answer to this issue must be in the negative to ensure defendant's right to a fair trial. *State v. Big Head*, 363 N.W.2d 556 (S.D.1985).

In *State v. Blaine*, 427 N.W.2d 113, 115 (S.D.1988), this court discussed the duty and obligation of a prosecutor as follows:

The prosecutor has an overriding obligation, which is shared with the court, to see that the defendant receives a fair trial. *State v. Brandenburg*, 344 N.W.2d 702 (S.D.1984). The burden of ensuring that the defendant receives a fair trial weighs as heavily upon the prosecutor as it does on defense counsel, the court, and the jury. *State v. Havens*, 264 N.W.2d 918 (S.D.1978).

The prosecutor must refrain from injecting unfounded or prejudicial innuendo into the proceedings, *People v. George*, 130 Mich.App. 174, 342 N.W.2d 908 (1983), and *not appeal to the prejudices of the jury. People v. Hudgins*, 125 Mich.App. 140, 336 N.W.2d 241 (1983). (Emphasis supplied.)

I acknowledge that there is "no hard and fast rule" on what constitutes prosecutorial misconduct and same is determined on a case-by-case basis. *State v. Kidd*, 286 N.W.2d 120 (S.D.1979). Therefore, I have considered the totality of the circumstances in this particular case, which show questions and evidence regarding defendant's lack of remorse, questions about decedent's family, and insurance coverage. (Not one of these fields of inquiry in any way relates to the elements of the crime charged or would be considered as appropriate for cross-examination.) What do jurors understand this day and age? If you are involved in a car accident, the party at fault

had better have good insurance coverage to claim against. If not, an injured party or other interested parties could be left "holding the bag" so to speak. Any individual involved in the legal profession for any length of time understands how incensed injured lay persons or their families become when they discover there is no insurance coverage in place to cover the damages inflicted by a negligent party. Further, all attorneys know that the question of insurance coverage is inadmissible in a civil case and should certainly be cognizant of the fact that it is not relevant to the issues involved in a manslaughter case.

The trial tactic of the prosecutor in my opinion constitutes plain error in this case under SDCL 23A–44–15. The insurance issue could only have been interjected in an attempt to win over the jury by offensive conduct. This was a prodigious foul hit by the prosecution in this case and should not go uncalled in this decision.

I would reverse and remand this case for trial in front of a jury that has not been polluted with improper, highly prejudicial verbiage from the State's prosecutor.

SABERS, Justice (dissenting).

It was reversible error for the trial court to refuse to give the requested lesser included instruction on careless driving.

The majority opinion clearly sets forth the two part test for giving a lesser included offense instruction. *See also, Gillespie,* 445 N.W.2d at 663; *Heumiller,* 317 N.W.2d at 132; *State v. Oien,* 302 N.W.2d 807 at 809 (S.D.1981). However, the majority incorrectly applies that test to the facts of this case. Wall was charged and convicted of second-degree manslaughter. SDCL 22–16–20. Under the facts of this case, Wall was, in reality, charged and convicted of second-degree *vehicular* manslaughter. I wholeheartedly agree with this majority writer's statement in *State v. Olsen,* 462 N.W.2d 474 (S.D.1990):

Historically, this Court has demanded a showing of conduct far more egregious than this set of facts to establish a *manslaughter conviction via reckless driving.*

*Id.* at 478 (Henderson, J. concurring) (emphasis added). In other words, a charge of second-degree *vehicular* manslaughter is *reckless driving* with a resultant death.*

The legal test is met:

(1) the elements of careless driving, SDCL 32–24–8, are, in reality, fewer in number than reckless driving with a resultant death, SDCL 22–16–20 and 32–24–1.

(2) the penalty is less for careless driving.

(3) the two offenses contain common elements so that reckless driving with a resultant death cannot be committed without committing careless driving.

The factual test is also met. There is sufficient evidence, "when read in the light most favorable to the defendant" to support a conclusion by the jury that reckless driving was not committed and careless driving was committed. *Heumiller,* 317 N.W.2d at 132.

The majority's version of the facts fails to consider the conflicting testimony of the investigating officer and the expert opinion of Dr. Oliver concerning the speed of Starkey's pickup and Wall's motor home. Although investigating officer Booth testified that the speed of the Starkey pickup after impact was 70 or 83 mph, he promptly admitted those estimates were incorrect and later admitted that he had no reason to disagree with Dr. Oliver's calculations. Dr. Oliver testified from measurements, some of which were taken by Booth, and from calculations, that the Starkey pickup was traveling 49 mph after impact. Dr. Oliver further testified that the Wall motor home was only traveling seven mph faster than the Starkey pickup at the time of impact, i.e., 56 mph. This dispute as to whether Wall was speeding raises the nec-

---

* See, *United States v. Pino,* 606 F.2d 908, 916–17 (10th Cir.1979) (refusal to give lesser included careless driving instruction when defendant was charged with involuntary manslaughter was prejudicial error); *State v. Barela,* 95 N.M. 349,

622 P.2d 254 (App.1980) (refusal to give lesser included instructions, which included careless driving, when defendant was charged with homicide by vehicle by reckless driving was reversible error).

essary conflict "with regard to the element of the greater offense that is not an element of the lesser", i.e., recklessness. *Gillespie*, 445 N.W.2d at 663. The majority errs by using a version of the facts most favorable to the state.

Even if the dispute concerning speed were properly determined against Wall, it does not necessarily mean that Wall was driving recklessly. There was testimony by officer Booth that indicated strong southerly winds may have contributed to the accident. Therefore, careless driving is a lesser included offense and the instruction should have been given. We should reverse and remand for a new trial based on proper instructions.

I join Justice Amundson's dissent on Issue III for the reasons stated therein and for the reason that the unfairness resulting from the combined errors in this case requires a new trial. *See State v. Rufener*, 392 N.W.2d 424, 434 (S.D.1986) (Sabers, J., dissenting).

